## SUPREME COURT.

### WILLIAM SEIGEL, respondent, agt. GEORGE HEID, appellant.

The court has no authority to grant an *order of reference* in an action for the value of personal property sold, consisting of twenty items or more in the account, where the defendant denies that the property *was sold to him*; and offers to stipulate that at the trial, he will not dispute or question the items of said claim, either as to their number, their character, their value or their price, and asks a trial by jury.

*New York General Term, April,* 1869.

*Before* CLERKE, SUTHERLAND *and* PECKHAM, *Justices.*

THIS action was brought to recover the value of a quantity of meat alleged to have been sold to defendant, at various times. The answer is a general denial.

Plaintiff made a motion to procure an order of reference, and by affidavit showed that his claim included more than twenty items of account.

Defendant read and filed an affidavit wherein he alleged, that his defense consisted wholly in a denial that the meat was sold to him, and in that alone; and offered to stipulate that at the trial, he would not dispute or question the items of said claim, either as to their number, their character, their value or their price, and asked a trial by jury.

The court ordered a reference, with costs of motion to abide the event, and hence this appeal.

BRITTON & ELY, *attorneys for defendant and appellant.*

I. It will not be disputed that, independent of section 271 of the Code, the court had not power to grant this motion. (*Sharp* agt. *The Mayor &c.,* 18 *How. Pr.,* 213.)

II. By section 271, it is provided, that a reference may be ordered, "where the *trial* of an issue of fact, shall require the examination of a long account."

III. Under the offer of stipulation by defendant, it was not possible that the *trial* should require the examination of a long account, or any account.

The offer was equivalent to an issue on the question of the proper party to be charged with the purchase, and that alone. The trial, by this offer was divested of every element of reference.

IV. The order should have been that the motion was ganted, unless defendant serve a stipulation in substance as offered, within a specified time, in which case the motion, denied.

An order granting the motion *with costs*, in any event was extraordinary and unprecedented.

STILWELL & SWAIN, *attorneys for plaintiff and respondent.*

I. No appeal lies from an order of reference. (*The People ex rel. McSpedon* agt. *Haws*, 13 *Abb.*, *p* 204 ; *Ubsdell* agt. *Root*, 3 *Abb.*, *p.* 142 ; *Dean and wife* agt. *The Empire State Mutual Insurance Company*, 9 *How.*, *p.* 69; *Kennedy* agt. *Shilton*, 1 *Hilt.*, *p.* 546.)

II. An order of reference affects no substantial right.

A substantial right is a fixed determined right, independent of the discretion of the court.

An order of reference is a mere matter of practice, and within the discretion of the court. (*Tallman* agt. *Harriman*, 10 *How. R.*, *p.* 90.)

III. This is a proper order, within the jurisdiction of the court, and properly made.

It appears by the pleadings, and, the affidavit used on the motion, that the trial of the action will require the examination of a long account.

Seigel agt. Heid.

IV. The defendant, in his affidavit, concedes the case is one for a reference on the pleadings, but endeavors to prevent a reference by an offer to stipulate "not to dispute or question the items of merchandize as to their number, their character, their value or price."

It was a matter of discretion with the court below whether or not to refuse a reference on this stipulation, and that discretion having been exercised by ordering a reference, this court should not review it.

V. The stipulation should have been served before the motion.

VI. The stipulation should admit the cause of action, otherwise the sale and delivery of every item must be established.

This makes it the examination of a long account, *proof of sale and delivery* of at least one hundred items.

VII. The order should be affirmed.

The COURT, after the argument of the appeal, *reversed* the order of reference unanimously.