CORNELIUS P. SCHERMERHORN *v.* FERNANDO WOOD.

In an action by an attorney for various services, including the management of suits in various courts, the drawing of deeds and other instruments, the examination of the titles to lands, charges for disbursements, &c., including many items; where a general denial is interposed; *Held*, that the trial of the issues involves the examination of a long account, and a compulsory reference may be ordered.

In such a case, a reference might have been ordered before the adoption of the Constitution of 1846, and a trial by jury is not a matter of right.

In such an action, if the answer allege payment, that question must be disposed of before the accounts can be examined, and as that is an issue which either party may require to be tried by a jury, a compulsory reference cannot be ordered, till that issue is disposed of.

---

* Present, DALY, Ch. J., LARREMORE, and J. F. DALY, JJ.

But an allegation in an answer to a complaint, claiming $4,500 for professional services due February 11th, 1862, that on May 21st, 1860, defendant paid to plaintiff $275 in full of all demands to that date, which sum is set off against any claims of the plaintiff, *Held*, not to be an allegation of payment, which, if found in favor of defendant, would determine the action against the plaintiff, and that a compulsory reference might be ordered of all the issues.

It is no ground for reversing an order of reference that on the trial one party intends to impeach, as forged, evidence which he expects will be offered by his adversary. Such fact is proper to be presented to the court on the motion for the order, but the decision thereon is conclusive.

APPEAL by plaintiff from an order of this court made at special term, referring the action to a referee to hear and determine the issues.

*Cornelius P. Schermerhorn*, appellant in person.

*James M. Smith*, for respondent.

BY THE COURT.*—JOSEPH F. DALY, J.—It seems clear that the order of reference made by the learned judge at special term, on December 14th, 1870, cannot be sustained unless this was a referable case, independent of any previous order of reference made on consent or otherwise. The motion for a reference, which was determined by the order now appealed from, was made by the defendant upon the pleadings and bill of particulars in the action, and upon an affidavit setting forth that the trial of the action would involve the examination of a long account, that the plaintiff's claim consists of over forty items, and the defendant's counter-claim consists of more than eighteen items, also that an order of reference was theretofore made by Judge Brady to Hon. Hamilton W. Robinson, and that Mr. Robinson has since said order was made been elected as one of the judges of this court, and cannot act as referee in this action. This latter statement in the affidavit could not, of urse, be advanced as a ground of making a new order of reference, and must have been inserted to show that either the court or the parties had formerly deemed the issues proper to be referred. It is conceded that a reference was originally

* Present, DALY, Ch. J., ROBINSON, and J. F. DALY, JJ.

ordered by Judge Brady to the Hon. Hamilton W. Robinson, that the trial proceeded before him as referee, but he took his seat on the bench of this court pursuant to election before any decision had been rendered by him. Both parties to the action seem to treat that reference as at an end, the defendant by making a motion for another reference on the pleadings, bill of particulars and affidavit setting forth a long account, and the plaintiff by claiming the cause to be not referable under the Code, and claiming the right to a trial by jury. As the order of Judge Larremore on such motion was not an order continuing the former reference, nor an order substituting a new referee under the original order, but an order referring the issues *de novo*, it must be sustained under § 271 of the Code, without regard to the former order of reference made by Judge Brady.

This action was brought to recover the sum of $4,500 for professional services as attorney and counsellor at law, rendered by the plaintiff to the defendant, at the defendant's request, and is therefore an action founded on contract. The services are claimed to be the prosecution and defense and proceedings had and taken in divers suits and actions in the Supreme Court, Superior Court, and Court of Common Pleas, and other courts of the city of New York, for costs, attorney and counsel fees, disbursements paid, drawing and engrossing divers conveyances, deeds, contracts, bonds, mortgages, releases, and other instruments in writing, making searches in the register's and county clerk's offices, the United States Circuit and District Court clerk's offices, and the tax and other offices of said city, for and concerning mortgages, judgments, decrees, taxes, assessments, sales, liens, and incumbrances, against or in any manner affecting certain lots, pieces or parcels of land situate in the city of New York, disbursements paid on account thereof, the examination and investigation of titles to land, preparing drawing and engrossing abstracts of title, &c., &c. The plaintiff also alleges in his complaint " that the items of his accounts and demands exceed twenty in number." It is clear that the investigation of the plaintiff's claim involves the examination of a long account. An attorney's bill of charges against his

client involving items of service in nearly every department of the profession, if disputed as to correctness of items or value of each service, or the aggregate value, presents a question of fact or issue as to each item tedious in the extreme, and as much the province of a careful referee to examine as it would be unfit for the examination of a jury. The action then being on contract, and involving the examination of a long account, is referable, under sec. 271 of the code, and a reference may be compulsorily ordered by the court. It is of the class of cases referable in this State before the adoption of the constitution of 1846. The reasoning in the case of *Townsend* v. *Hendricks*, in the Court of Appeals (40 How. Pr. 143), applies to this case.

The answer of the defendant denies that on the 11th February, 1862 (the date of the verification of plaintiff's complaint), the defendant was indebted to the plaintiff in the sum of $4,500, for any services, or for any cause or consideration; and denies that he is indebted to plaintiff in any sum whatever. The defendant, in his answer, also sets up, by way of set-off to any claim plaintiff may establish against him, certain sums for moneys advanced by him to plaintiff, and property of his taken by plaintiff. The defendant, in his answer, also avers, that on or about May 21st, 1860, he paid to the plaintiff the sum of $275, in full of all demands to the date last aforesaid, which said sum defendant demands shall be set off against any claims the plaintiff may have against him, and that the defendant have judgment for the balance.

On this appeal, the plaintiff raises the point that the defendant having pleaded payment, that issue must be tried before the account or items of claim and counter-claim can be inquired into; and as the issue as to payment must be tried by a jury, and is not a referable issue, except by consent, the order of reference is premature, and, if made at all, cannot be made until the question of payment is disposed of by trial in court.

The appellant correctly states the law, that where payment is alleged by the answer, that question must be disposed of before the accounts can be examined; because, if proved, it dis-

poses of the whole case, and there are no accounts to be examined (*Keeler* v. *Poughkeepsie, &c. P. R. Co.* 10 How. Pr. 11; *Mitchell* v. *Stewart,* 3 Abb. Pr. N. S. 250, and many other cases).

The allegation of payment must, however, be such as, if proved, will dispose of the plaintiff's whole claim. Where money is alleged to be due, and the defendant proves payment of the sum, and there is no question of value of service, nor as to rendering the service on which the claim arises, that disposes of the whole case. But inasmuch as the payment of a smaller sum is no satisfaction of a larger, the allegation that, on May 21st, 1860, the defendant paid to plaintiff $275, in full of all demands to that date, is not a plea of payment to a claim of $4,500 for professional services due February 11th, 1862. And particularly is it to be observed that no plea of payment is made or intended, since defendant sets off that sum of $275 "against any claims the plaintiff may have against him, and that defendant may have judgment for the balance."

There is no plea of payment, in a legal sense, in the answer. It may be that on May 21st, 1860, the date when $275 was "paid in full of all demands," there was but $275 due or claimed by plaintiff; but there is certainly no plea that there has been any payment or settlement of the claim for which the action is brought. The issue as to whether the defendant paid $275 on May 21st, 1860, in full of all demands to that date, cannot be first tried in this action, because it could not, if found in defendant's favor, determine the action against the plaintiff.

The point made by the appellant, that questions of fraud may or will arise on the trial, because he intends to show that receipts, &c., which the defendant may produce to sustain his counter-claims, are false or forged, will not avail against the order of reference appealed from. This action is in its nature one arising *ex contractu,* and there is no issue involving fraud. In any action upon contract, a receipt, entry in a book, or other document, may be impeached as false or forged; but the issue thus arising is incidental merely, and does not alter the character of the action. In the same way it may be said that the perjury of witnesses is at issue when they give conflicting testi-

mony in simple contract actions.  The point was a proper one to make before the judge who heard the motion to refer; but if, in his discretion, he did not refuse the order on that ground, his decision on the point is not reviewable here.

The order appealed from should be affirmed, with ten dollars costs.

Order affirmed accordingly.