Carpenter and another vs. Shepardson.

CARPENTER and another vs. SHEPARDSON.

APPEAL TO SUPREME COURT. (1) Record on appeal from order. (2) Amendment of defective record. (7) Record of court below imports absolute verity.

CHANGE OF VENUE. (3, 4) Affidavit for change on account of prejudice of judge. (5, 6) Waiver of defects in such affidavit.

1. On appeal from an order, the clerk of the trial court must transmit such order and the original papers *used by each party on the application*, or copies thereof if so directed by the court, certifying that they are such originals or copies, as the case may be (sec. 5, ch. 264 of 1860; Tay. Stats., 1632, §5); and it must appear, either from the record returned or from the certificate, that such record contains all the papers so used, and no others.

2. The return made on appeal from an order being so defective that this court could not determine the jurisdiction of the court below or the merits of the order, it directed the appeal to be dismissed unless the appellant, within thirty days, should have a proper return made; and directed its clerk, on appellant's request, to transmit the papers to the court below for that purpose.

3. Ch. 104 of 1876 operates to repeal section 8, ch. 123, R. S., touching affidavits for a change of venue for prejudice of the judge.

[4. *It seems* that, under the statute of 1876, such an affidavit must state, not merely that the affiant believes, but that he "has good reason to believe," that the judge is prejudiced, etc.]

5. Where a cause has been removed from one court to another for prejudice of the judge, an objection to the sufficiency of the affidavit for removal is *waived* by a general appearance of the objecting party in the court to which the cause is sent. *Montgomery v. Scott*, 32 Wis., 249, cited; and *Dykeman v. Budd*, 3 Wis., 640; *Wheeler v. The State*, 24 id., 52; and *State v. Rowan*, 35 id., 303, distinguished.

6. The statute expressly allows the venue to be changed *by stipulation* in civil actions; and where the question is one of jurisdiction of the *person*, consent, equivalent to stipulation, giving jurisdiction to one court, upon a change of venue, *divests the jurisdiction of the other*.

7. The record of the court below must be treated by the appellate court as importing *absolute verity*.

APPEAL from the County Court of *Milwaukee* County. Action commenced in the circuit court for said county, for

services rendered by the plaintiffs, Messrs. *Carpenter & Murphey*, as attorneys-at-law, and moneys advanced by them, to the defendant, at various times between October 1, 1869, and June 1, 1875, specified in an account alleged to have been delivered by plaintiffs to the defendant, a copy of which is annexed as an exhibit to the complaint, and upon which, after allowing the proper credits to the defendant, there is alleged to be due $3,143.68, with interest from July 18, 1873. The account, as contained in said exhibit, consists of about sixty items on the debit side, with ten on the credit side. The answer admits that the plaintiffs " performed some work as attorneys " for defendant, " and made some advances of money, as specified in said account; " but alleges that the services so performed were not worth the sums charged in the account, and that as to the particular items advanced or paid by plaintiffs, defendant has no knowledge or information sufficient to form a belief. It then denies that, " allowing all proper credits to the defendant on account of said services and disbursements," there was due plaintiffs the balance claimed, and alleges that, " after allowing plaintiffs a just and fair compensation for all services rendered " by them to him, defendant has " fully paid them for such services." It further alleges that certain items in said account, by which defendant is debited for printing cases and briefs in certain actions, had been paid by the defendant, and that such payments were not credited on the account. It then denies plaintiffs' charges for services in several specified actions, on various grounds: as, that they were greater than the amount agreed upon between the parties, or greater than they were reasonably worth, or had been rendered in part by the firm of *Carpenter* & Cogswell, and not by the firm of *Carpenter & Murphey*, and that payment had been made to the former firm.

After issue joined, plaintiffs applied for a change of the place of trial of the action, upon their affidavit, in which each states that he verily believes that, for the reason that the

judge of said court is prejudiced, he cannot have a fair trial
of the action in said court; and thereupon the judge made an
order, dated December 13, 1876, changing the place of trial
to the county court of the same county; but no copy or notice
of this order was ever served upon the defendant or his at-
torneys.  On the 26th of the same month, the county judge, on
plaintiffs' motion, made an order directing the defendant to
show cause on the 30th of that month, why the case should not
be referred to a referee for trial.  The printed case states that,
on the return day of said order, defendant " appeared and ob-
jected to any proceedings being had " upon the order in said
county court, because that court had never acquired jurisdic-
tion of the cause; but that " the court overruled the objec-
tion, and proceeded to hear, try and determine the question
arising upon said motion, to which the defendant duly ex-
cepted; " that the motion was thereupon heard upon the com-
plaint, answer and depositions on file in the cause; and that
the judge made an order referring the cause to a referee for
trial, to which the defendant excepted, and from which he ap-
pealed.

The respondent moved to dismiss the appeal for reasons
which will appear from the following opinion:

Lyon, J.  This is an appeal by the defendant from an order
of the county court, made on motion of the plaintiffs, refer-
ring all of the issues in the cause to a court commissioner to
hear, try and determine the same.  The reason for making
the reference is stated in the order to be, that the trial of the
issues will involve the examination of long accounts on both
sides.

We find ourselves unable to decide the appeal on the merits,
for the reason that neither the record returned here from the
county court, nor the certificate of the clerk thereto, informs
us what papers were used on the hearing of the motion.  We
find with the record a bundle of papers fastened together, all

of which are entitled in the *circuit* court in a cause having the same title, and probably in this cause, but without any certificate of the clerk showing that they pertain to this appeal, or were returned here by him. As a matter of course, we cannot notice these papers. Then we find another bundle of papers, also fastened together, to one of which, purporting to be a copy of docket entries, is attached the certificate of the clerk of the county court, that the same is a copy of the docket entries in this cause, and that the papers thereunto annexed "are the originals and all the papers filed in said action." This is the only authentication of the returns. The order of reference does not specify any of the papers that were used by either party on the hearing of the motion therefor; and the certificate of the clerk, and the record to which it is attached, are silent on the subject.

It is apparent that we cannot determine whether the order was, or was not, properly made, unless we are informed by the record or certificate what papers were used on the hearing of the motion; for by these papers the order must stand or fall. Hence, the statute provides that on an appeal from an order the clerk of the proper court "shall transmit the order appealed from and the original papers used by each party on the application for the order, unless the court shall order copies instead of the originals to be transmitted;" and it requires the clerk to certify that they are the originals, or copies thereof, as the case may be. Laws of 1860, ch. 264, sec. 5 (Tay. Stats., 1632, § 5). If the appeal is from a judgment, the clerk should certify the record as he has certified in the present case; if from an order, he should certify that the papers returned on the appeal are the originals used on the hearing of the motion, or copies thereof, if copies are ordered to be returned. This is indispensable, unless it appears from the record itself what papers were so used.

The question of the jurisdiction of the county court is argued in the brief of counsel for appellant. The certified

docket entries show that the case was transmitted to that court from the circuit court; and it is claimed that the affidavit on which the change of the place of trial was awarded is insufficient to give the county court jurisdiction of the cause. That affidavit is not found in the certified record before us, and hence we cannot determine the question. In this connection, however, we may be permitted to suggest, without intimating an opinion on the point, whether the appearance of the appellant in the county court to resist the motion for a reference, did not give that court jurisdiction of the case, notwithstanding the affidavit upon which the circuit court transmitted the case may be defective.

Being unable, for the reasons above stated, to determine this appeal on the merits, the appeal must be dismissed unless the appellant cause a proper return to be made thereto, within thirty days; and to enable him to do so, the clerk of this court, on the request of the appellant, will transmit the papers and records to the county court.

*By the Court.* — So ordered.

A further return having been made, the appeal was subsequently heard on the merits.

A brief was filed for the appellants by *Rogers & Hover*, and there was oral argument by *Mr. Hover*. They contended, 1. That the circuit court never lost, and the county court never acquired, jurisdiction of the cause, the affidavit of prejudice not stating that the affiant " has good reason to believe" that the judge is prejudiced, or that the prejudice is against the party. Ch. 104 of 1876; *Western Bank of Scotland v. Tallman*, 15 Wis., 92. 2. That a compulsory reference should not have been ordered, because the trial would not involve a long account; that the account was not the matter in dispute, the fact that services were rendered and money disbursed being admitted; that the points in dispute were: (1) The value of the services rendered; (2) Whether a portion of them had

been rendered pursuant to a contract under which plaintiffs had been paid; (3.) Whether, as to a portion of the services, plaintiffs had ever been employed to perform them, or whether the parties who were employed had been fully paid. In this connection, counsel stated that on the argument for a reference defendant offered to admit all the items of expenditures, and in fact all the allegations of the complaint, except as to the value of the services and such allegations as were specially controverted by the answer; and he insisted that even on an appeal from an order of reference, defendant might stipulate to admit the items, and have a trial by jury as to the value. *Dittenhoeffer v. Lewis*, 5 Daly, 72. He also insisted that, as the dispute involved the reasonableness of an attorney's bill, it was against the policy of the law to allow it to be referred to another attorney for trial, but the issue should be tried by a jury (10 Hun, 304; 36 How. Pr., 506); that one of the issues, at least, involved the trial of difficult questions of law, and such a case cannot be referred without consent of parties. *(Ives v. Vandewater*, 1 How. Pr., 168; 4 Rob., 682; 2 Abb. Pr., N. S., 296); and that, even if this were not so, the power to refer actions involving the examination of long accounts is designed only for the convenience of the court, and when a cause can be otherwise tried within a reasonable time, a compulsory reference is improper. 12 Abb. Pr., N. S., 250; 4 Rob. and 2 Abb. Pr., *supra*.

The cause was submitted for the respondent on the brief of *Geo. B. Goodwin*. He contended, among other things, that the order changing the venue could not be reviewed on appeal from the subsequent order of reference *(Rahn v. Gunnison*, 12 Wis., 528); and that the order appealed from was correct, the issue evidently involving the examination of a long account, and the statute expressly providing for a reference in such a case. Tay. Stats., 1499, § 25; *County Board v. Dunning*, 20 Wis., 210.

RYAN, C. J.   I. The affidavit to change the venue would have been sufficient under sec. 8, ch. 123, R. S.  *Risto v. Harris*, 18 Wis., 400.   It may be doubted, however, whether it be so under ch. 104 of 1876, which undoubtedly operates as a repeal of sec. 8.   *Lewis v. Stout*, 22 Wis., 234.   It states the belief of the parties, but not that they have good reason to believe.   It might be unsafe to hold this omission immaterial. It may be generally assumed, indeed, that one who believes thinks that he has good reason for his belief.   But the looseness with which affidavits of prejudice were made, under sec. 8, had long been notorious.   And the provision of 1876 may perhaps have been framed as it is, to remind one taking the oath, that mere loose, unfounded suspicion of prejudice is insufficient; that he must look into his conscience to see that the belief is founded on good reason.   It may therefore be the safer rule to hold such affidavit strictly to the language of the statute.

It is not necessary, however, to pass upon that question in this case.   After the cause had been removed to the county court, the repondents moved to refer it.   And the appellant appeared and resisted the motion.   It is stated in the printed case, that the appearance was special, for the purpose of objecting to the jurisdiction of the county court.   But the record does not verify the statement.   The order made states a general appearance, and, notwithstanding a casual and improvident remark in *Allen v. Beekman*, 42 Wis., 185, this imports absolute verity.   *Germann v. Schwartz*, 21 Wis., 661; *Wilcox v. Bates*, unreported.   This general appearance waived all objection to the sufficiency of the affidavit, and to the jurisdiction of the county court.   *Montgomery v. Scott*, 32 Wis., 249.

That case turns upon an essentially different principle from *Dykemann v. Budd*, 3 Wis., 640, relied on by the appellant. The difficulty in the latter case was in the want of jurisdiction of the court to which the venue of the appeal was changed, to entertain it.   That case turned upon jurisdiction of the action,

which no consent of parties could confer. *Montgomery v. Scott* went upon jurisdiction of the person, which could be conferred by consent. And the court held that a general appearance of the parties operated to cure any defect of jurisdiction arising upon the order changing the venue. That case governs this.

So *Montgomery v. Scott* and this case are clearly distinguishable from *Wheeler v. The State*, 24 Wis., 52; *State v. Rowan*, 35 Wis., 303, and other criminal cases. Jurisdiction of indictments is jurisdiction of the subject matter, and cannot rest upon consent.

It was argued that an appearance in the county court could not operate to divest the circuit court of jurisdiction. That appears to be a mistake. The statute expressly allows the venue to be changed in civil actions by stipulation. And, whenever the question is one of jurisdiction of the person, the consent which is equivalent to such a stipulation and gives jurisdiction to one court, upon a change of venue, divests jurisdiction of the other.

II. The complaint proceeds upon a long account. The answer is curiously framed, and it is not easy to say how far it admits or denies the items of the account. But it certainly puts the plaintiffs below upon proof of value of all or nearly all of the items. It is said that the appellants offered below to admit all the items, except the value of the services charged. Even if this admission were in the record, it would still leave the examination of a long account. An account rests in the amounts charged, as much as the matters for which they are charged. Admission of the matters for which the charges are made, with denial of the amounts charged, tends to abbreviate an examination of the account, but still leaves an account to examine. The reference rested largely in the discretion of the court below; and this court cannot hold the order an abuse of discretion. Indeed the case seems a proper one for reference.

*By the Court.* — The order of the court below is affirmed.