## CARPENTER and another vs. SHEPARDSON.

*(1, 2) Res Adjudicata. (3) Reference, where long account involved.*

1. After affirmance here of an order sending a cause to a referee for trial, as involving a long account, the referee having died, the proper motion would have been for the appointment of another referee.
2. Upon the motion actually made, that the opposite party show cause why the cause should not be referred, etc., the question whether the cause should be referred could not arise, being *res adjudicata*.
3. In this case, although the party opposing the reference offered to stipulate facts tending to abbreviate the account between the parties, yet, as such stipulation still left unadmitted items probably involving a long account, an order referring the cause to another referee was proper on this ground also.

APPEAL from the County Court of *Milwaukee* County. This appeal was taken by the defendant from an order referring the cause for trial, made upon the death of the person named as referee in a former order of reference.

For the appellants, there was a brief by *Rogers & Hover*, his attorneys, with *H. M. Finch*, of counsel, and oral argument by *Mr. Finch*.

For the respondent, there was a brief by *Geo. B. Goodwin*, and oral argument by *N. S. Murphey*.

RYAN, C. J. When this case was here before, 43 Wis., 406, this court affirmed the order of the court below, sending the case to a referee for trial. Pending the reference, the referee died.

An affidavit of the death of the referee was then presented to the court below, and an order made that the appellant show cause why the case should not be referred to some suitable person.

Properly the motion should have been to appoint another referee. But that was the effect of the order to show cause, because it had already been determined that the case was a proper one for reference, and the reference had been ordered. And this was obviously the view of the court below, as shown by the order from which this appeal is taken, appointing another person referee under the former order of reference, in place of the referee deceased.

But whatever form the motion might take, the question whether the cause should be referred could not arise upon it. That was *res adjudicata*, unaffected by the accident of the referee's death.

The appellant, however, appears to have thought differently, and came in upon the order to show cause with a stipulation, undoubtedly tending to abbreviate the account. If this stipulation could have had any effect on the question, it still left an account for reference. Amongst several items which the stipulation does not admit, is one of $2,564.20, for bill rendered apparently for professional services, etc., in *Shepardson v. Yates;* presumably, perhaps, the same case which has been several times before this court. 27 Wis., 238; 37 Wis., 315;

39 Wis., 178. This aggregate item probably involves a long account in itself.

In either aspect, the order of the court below was properly made.

*By the Court.* — The order of the court below is affirmed.