AUGUST TERM, 1879.        177

The Monitor Iron Works Co. vs. Ketchum and another.    (On rehearing.)

| 47 | 177 |
|----|-----|
| 79 | 572 |

THE MONITOR IRON WORKS COMPANY vs. KETCHUM and another. [On rehearing.]

REFERENCE.  *(1–3) When compulsory reference proper.  (4) Whether record must show that referee was sworn.*

1. If it appear from the pleadings that the trial of any issue of fact in a cause requires the examination of a long account, a compulsory reference may be ordered, under the statute.
2. The action was for work and materials, and the bill of particulars contained hundreds of items, each charged at a separate price. The answer did not deny that plaintiff did the work and furnished the materials, nor directly controvert the prices charged therefor; but it set up a special contract, by which plaintiff was to furnish defendants with certain machinery at a stipulated price, and alleged that such price had been fully paid, and that a large portion of the work and materials charged in said bill of particulars was done and furnished under such contract. It became necessary, therefore, to examine the account, item by item, to ascertain which items (if any) were, and which were not, included in the special contract. *Held*, that this made a compulsory reference proper.
3. The answer also contained a counterclaim for two sums of money, and another for goods, wares, merchandise, freight, work, labor and services, upon which issue was joined. *Held*, that the issues on the counterclaim alone would probably justify a compulsory reference.
4. The mere fact that it *does not appear from the record* that the referee for trial was *sworn*, is not ground for reversal. *Gilbank v. Stephenson*, 31 Wis., 592.
5. The decision upon the first hearing of this cause (44 Wis., 126), as to the points there considered, adhered to.

VOL. XLVII.— 12

The Monitor Iron Works Co. vs. Ketchum and another.    (On rehearing.)

APPEAL from the Circuit Court for *Brown* County.

For the appellants, there was a brief by *Hudd & Wigman,* and oral argument by *Mr. Hudd.*

For the respondents, there was a brief by *Hastings & Greene,* and oral argument by *Mr. Hastings.*

Lyon, J.    A former decision of this cause was inadvertently reported in 44 Wis., 126, after a reärgument had been ordered. The statement of the case there made will not be repeated.

The circuit court referred the cause to a referee to hear, try and determine.    The reference was compulsory, and the question of its regularity, or the power of the court to make it, was not raised on the former argument.    The reärgument was granted mainly upon that question.

If the trial of any issue of fact in the cause required the examination of a long account, the reference was proper.    Tay. Stats., 1499, § 25; R. S., 761, sec. 2864; *Supervisors v. Dunning,* 20 Wis., 210.    The circuit court necessarily had to determine from the pleadings alone whether such examination was required; and if the fact appears from the pleadings, that is sufficient.

The action is for work and materials, and the bill of particulars contains scores, even hundreds of items, each charged at a separate price.    It is not denied in the answer that the plaintiff did the work for the defendants and furnished the materials charged; and the prices charged therefor are not controverted.    But the answer states a special contract by the plaintiff to furnish certain machinery to the defendants at a stipulated price, which had been paid in full; and it is alleged therein that a large portion of the work and materials charged in the bill of particulars was done and furnished under the special contract.

It was unnecessary to examine the items of the account to ascertain whether the plaintiff did the work and furnished the materials charged, or whether the prices charged therefor were

reasonable and just. All this stood admitted by the defendants. But it was necessary to examine the account, item by item, to ascertain which of the items (if any) were included in the special contract, and which were not. As was observed in *Carpenter v. Shepardson*, 43 Wis., 406, the admissions of the answer " tend to abbreviate an examination of the account, but still leave an account to be examined."

The answer also contains a counterclaim for two sums of money, and another for goods, wares, merchandise, freight, work, labor and services, upon which issue is taken by a reply denying the same. Presumably a large number of items (or a long account) are included in these counterclaims. Probably the issues on the counterclaims alone would justify a compulsory reference under the statute. *Carpenter v. Shepardson*, 46 Wis., 557.

It must be held, therefore, that the cause was properly referred.

It is also assigned as error that the record fails to show that the referee was sworn to the proper discharge of his duties as such. On the authority of *Gilbank v. Stephenson*, 31 Wis., 592, it is sufficient to say upon this point that the record fails to show that the referee was not so sworn. If the oath is required, it must be presumed that it was duly made.

The learned counsel for the defendants insisted, on the reargument, that the first opinion does not dispose of all the controverted questions in the case. Since the first argument the whole case has been carefully reëxamined, and we have reached the conclusion that it was correctly decided in the first instance.

An extended discussion here of the testimony or the law of the case would be profitless. It must suffice to say generally, that, in our opinion, it was the duty of the defendants, under the contract, to prepare the foundation for the machinery; that they did prepare it under the superintendence of one Benjamin, who was their agent or employee for that purpose;

that the defendants were responsible for the delay in starting their mill, except for three days, for which the referee allowed them damages at the stipulated rate; that if there was any defect in the machinery, the defendants failed to perform the conditions precedent to a recovery therefor, stipulated in the contract; that the items of plaintiff's account allowed by the referee were not included in the special contract; and that the referee allowed the defendants all of their counterclaims which they proved. In short, we find no ground for disturbing the report of the referee or the judgment founded upon it.

*By the Court.*— Judgment affirmed.