Priest, Respondent, vs. Varney, Appellant.

*November 8 — December 1, 1885.*

*(1) Waiver of notice of motion. (2) Appeal to S. C.: Recitals in order, when treated as verities. (3) Compulsory reference: Long account.*

1. The appearance of a party without objection upon the hearing of a motion based upon certain papers, etc., is a waiver of notice that the motion would be based thereon.
2. In the absence of a bill of exceptions showing the contrary, the recitals in an order appealed from will be treated as verities.

3. Recitals, in an order directing the reference of a cause, that it appears from the pleadings and the admissions of counsel that the plaintiff's bill of items contains seventy items and the defendant's bill of particulars contains thirty items, that the trial will require the examination of a long account, etc., are held sufficient to authorize the reference, notwithstanding an objection thereto.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action is to recover for services rendered and moneys expended by the plaintiff as attorney for the defendant. The answer denies the extent and value of the services and the amount of money expended. On application of the plaintiff, the court, July 15, 1884, ordered that the issues be referred to a commissioner to hear and decide the whole issue and report thereon to the court. This order recites the appearance of the defendant by his attorney, and that it appears " from an inspection of the pleadings and the admission of counsel for the *defendant*, that the trial of issues of fact in the action will require the examination of a long account on each side." The defendant's attorney thereupon moved the court, upon his own affidavit, to strike out of said order the words " the admission of counsel for the defendant." That motion was resisted by a counter-affidavit on the part of the plaintiff; and on the hearing thereof the court, August 6, 1884, modified that part of the recitals in the order which are quoted above by striking out the word " defendant," and inserting in lieu thereof the words " parties that the plaintiff's bill of items contains seventy items and the defendant's bill of particulars contains thirty items;" but said order in other respects was allowed to remain the same.

In June, 1885, the defendant moved the court, upon an affidavit, to set aside and vacate said order of reference so modified, " for the reason it was improvidently and illegally

granted." That motion was resisted by an affidavit on the part of the plaintiff, and the court thereupon made an order thereon of which the body is as follows: " This case having come on to be heard on notice of motion by the defendant to set aside and vacate the order of reference made therein and dated July 15, 1884, and it appearing that the original order, bearing date on said last-named day, had been modified by the court on the application of the defendant on the 6th day of August, 1884, after hearing Mr. Blair for the defendant and Mr. Bragg for plaintiff, the court refuses to reconsider its former decision, and denies the motion, with ten dollars costs. Dated June 15, 1885." This order was excepted to by the defendant.

July 9, 1885, the defendant appealed from both of said orders to this court.

*A. M. Blair,* for the appellant, contended, *inter alia,* that the first order was erroneous (1) because the notice of motion did not state what the motion would be founded upon, and (2) because the action is not one in which the court can order a reference against objection. The recital as to the admission of counsel that the plaintiff's bill of items contains seventy items, etc., was without foundation. To authorize a compulsory reference there must be an account to be examined, and that account must be a long one. *Batchelor v. A. C. Ins. Co.* 1 Sweeny, 346; *M'Cullough v. Brodie,* 13 How. Pr. 346; *Sharp v. Mayor,* 18 id. 213; *Parker v. Snell,* 10 Wend. 577; *Van Rensselaer v. Jewett,* 6 Hill, 373; *Townsend v. Hendricks,* 40 How. Pr. 143; *Kain v. Delano,* 11 Abb. Pr. (N. S.), 29; *Whitaker v. Desfosse,* 7 Bosw. 678; *Knips v. Stefan,* 50 Wis. 286; *Swift v. Wells,* 2 How. Pr. 79; 2 Whittaker's Pr. 236. Notice of the motion for a reference must be given, founded upon an affidavit showing that issue has been joined and that the trial will require an examination of a long account, and how, and also founded upon the pleadings. 3 Wait's Pr. 261; *Goodyear v. Brooks,*

Priest vs. Varney.

4 Rob. (N. Y.), 682; *Dutcher v. Wilgus*, 2 How. Pr. 180; *Keeler v. Plank Road Co.* 10 id. 11. If the first order was not authorized from the evidence before the court, it should have been vacated on motion. *Brinks v. Republic F. Ins. Co.* 2 Thomp. & C. (N. Y. Sup. Ct.), 550.

*Edw. S. Bragg*, for the respondent, to the point that the action was one in which a compulsory reference might be ordered, cited *Carpenter v. Shepardson*, 43 Wis. 406; *Monitor Iron Works v. Ketchum*, 47 id. 179; *Thompson v. Seimer*, 40 How. Pr. 246; *Martin v. Windsor Hotel Co.* 70 N. Y. 102.

Cassoday, J. It is competent for a party to waive notice of a motion. An appearance at the hearing generally by an attorney is such waiver. It is competent for a party to waive notice of the papers or records upon which a motion is based. A hearing upon the merits upon an " inspection of the pleadings " by the court, " and the admission of counsel for the parties that the plaintiff's bill of items contained seventy items and the defendant's bill of particulars contained thirty items," without any objection for want of such notice, was a waiver of notice that such motion would be based upon such pleadings and bills of items and particulars. The recitals in the order of July 15, 1884, of such admissions must, in the absence of a bill of exceptions showing otherwise, be regarded as verities. *Bunn v. Valley Lumber Co.* 63 Wis. 630. The recitals in that order, as modified, were sufficient to authorize the reference. In fact, the case seems to be a proper one for a reference under the decisions of this court. This being so, the reasons given in the notice to set it aside eleven months afterwards could not exist. It follows that the court was justified in refusing to reconsider its former decision and denying the motion.

*By the Court.*— Both of the orders of the circuit court are affirmed.