## LITTLEJOHN, Appellant, vs. JACOBS, Respondent.

*September 24 — October 12, 1886.*

ATTACHMENT. *(1) Action upon express contract: Debt fraudulently contracted. (2) What may be denied on traverse of affidavit.*

1. The plaintiff sold cattle to the defendant for a certain sum to be paid by the transfer of a mortgage of land, payment of which was to be guarantied by the defendant. He was induced to make the sale by the defendant's fraudulent representations as to the value of the land, the ability of the mortgagor to pay, and his (defendant's) own pecuniary responsibility. In an action to recover the agreed price of the cattle, *held*, that the indebtedness was due upon express contract, and that the plaintiff might attach the defendant's property on the ground that the debt was fraudulently contracted.

2. Upon the traverse of an affidavit for attachment, neither the alleged liability nor the amount thereof can be denied. R. S. sec. 2745.

APPEAL from the Circuit Court for *Walworth* County.

This is an appeal from an order sustaining a traverse of an affidavit annexed to a writ of attachment, and dissolving and setting aside the attachment. The affidavit states that the defendant is indebted to the plaintiff "in the sum of $867.50, as near as may be, over and above all legal set-

offs, and that the same is due upon express contract, to wit, for goods sold and delivered in the sum of $542.52, which sum is past due, and on promissory note in the sum of $325, which latter sum is to become due." Several grounds for executing the attachment are stated in the traversed affidavit, but the only one to which the testimony was directed is that the defendant fraudulently contracted such debts and incurred such obligations. The testimony all relates to the past-due debt for goods sold — there being none tending to show that the debt evidenced by the note for $325 was fraudulently contracted. The testimony on the trial of the traverse is stated in the opinion.

The court found that "the said defendant did not contract the debt specified in the plaintiff's said affidavit, and consequently did not fraudulently contract the same, and said debt was not fraudulently contracted." This finding is the basis of the order appealed from.

For the appellant there was a brief by *Weeks & Steele,* and oral argument by *Mr. Weeks.* To the point that on the trial of the traverse there could be no denial of the alleged liability or the amount thereof, they cited sec. 2745, R. S.; Drake on Attachm. sec. 417; *Hermann v. Amedee,* 30 La. Ann. 393; *Olmstead v. Rivers,* 9 Neb. 234.

For the respondent there was a brief by *Quarles & Spence,* and oral argument by *Mr. Spence.* They contended, *inter alia,* that where one party induces another, by false representations, to sell him property to be thereafter paid for, the deceived party may either affirm the sale and sue for the purchase price, or disaffirm the sale and sue in tort or replevin for the property delivered on such sale. If he sues on the contract and attaches the property, he affirms the sale and waives the fraud. *Ferguson v. Carrington,* 9 Barn. & C. 59; *Kimball v. Cunningham,* 4 Mass. 502; *Whitney v. Allaire,* 4 Denio, 554; *Farwell v. Myers,* 26 N. W. Rep. 328. If he sues in tort or for money had and received he

cannot attach the property, because his cause rests upon the assumption that the property is *his*. In this case the plaintiff attaches the property *as the defendant's*, and thereby affirms the sale. *Butler v. Hildreth*, 5 Met. 49. With the sale affirmed, the proof shows that the defendant owes him nothing, having paid him in full at the time by exchange of property.

LYON, J. In August, 1884, the plaintiff sold to the defendant a drove of cattle. The following memorandum of the contract was written and signed by the plaintiff, and delivered to the defendant:

"Cattle sold *W. H. Jacobs*, for $648.50, embracing 27 head of cattle, to be paid by transfer of a certain mortgage now at the First National Bank, the collection of which is to be guarantied by him.

"*August 26, 1884.*                    N. M. LITTLEJOHN."

There was a failure to deliver a few of the cattle, which reduced the consideration for those delivered to $542.52, the sum stated in the affidavit.

It was overwhelmingly proved that, pending the negotiations, the defendant, in order to induce the plaintiff to agree to sell the cattle to him and accept the mortgage in payment therefor, knowingly misrepresented to the plaintiff the character and quality of the mortgaged lands, and grossly overstated their value and productiveness, the amount of improvements thereon, the ability of the mortgagor to pay the mortgage, and his own pecuniary responsibility. He failed entirely to deny, qualify, explain, or excuse any of these fraudulent representations, but left them to stand in the record as verities. The plaintiff was ignorant of the quality, condition, productiveness, and value of the lands, and of the pecuniary resources and responsibility of the mortgagor and the defendant. He had a right to rely, and did rely, upon the representations of the defendant, believ-

Littlejohn vs. Jacobs.

ing them to be true. Had he known or suspected that they were false, it is perfectly obvious he would not have sold and delivered his cattle to the defendant.

Neither the liability of the defendant for the price of the cattle, nor the amount claimed in the affidavit to be due therefor, can be controverted on the trial of the traverse. R. S. sec. 2745. Whether the defendant is liable for the price of the cattle, or any part thereof, and how the agreement by plaintiff to take the mortgage in payment, and the fraudulent representations by the defendant concerning its value, will affect the question of such liability, can only be determined on the trial of the cause on the merits. The material question now is, Was the debt fraudulently contracted? We have seen that it was. It is scarcely necessary to add that this indebtedness is due upon express contract — that is to say, for cattle sold by the plaintiff to the defendant for a stipulated price.

For the foregoing reasons the finding that "the defendant did not contract the debt specified in the plaintiff's said affidavit" is erroneous. The finding should have been that the defendant fraudulently contracted such debt, and the attachment should have been sustained.

*By the Court.*— The order is reversed, and the cause remanded for further proceedings in accordance with this opinion.