United States Rolling Stock Co. vs. Johnston and others, imp.

UNITED STATES ROLLING STOCK COMPANY, Respondent, vs. JOHNSTON and others, imp., Appellants.

*October 16 — November 3, 1886.*

REFERENCE.. *(1) Stipulation construed: Discretion. (2) Long account: General denial.*

1. After the term at which an order of reference was made, and after the time to appeal therefrom had expired, the parties stipulated that the question whether the case was a proper one for reference should be argued before and decided by the court upon the pleadings, and that if the court should decide that the case was a proper one for reference the previous order should stand, otherwise that order should be vacated and an order entered denying the motion for a reference; neither party, however, waiving the right to have the decision reviewed by the supreme court. *Held,* that under the stipulation the only question to be determined was whether the case was one which, in the discretion of the court, might be referred.

2. Under sec. 2864, R. S., a compulsory reference may be ordered in an action in which a long account must be proved by the plaintiff in making out his case, even though the defendant has denied all liability.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover for the use of certain rolling stock, cars, engine, etc., for the use of which it is alleged the defendants agreed to pay; also for repairs upon said stock, which it is alleged said defendants also agreed to pay for; and for damages in not returning said rolling stock to the plaintiff in good repair, as it is alleged defendants were bound to do by their compact with the plaintiff. The amounts for which judgment is claimed are as follows: For the sum of $24,693.86, and interest at the rate of seven per cent. upon the following sums: On $7, from August 31, 1874; on $7, from September 30, 1874; on $1,452.50,

United States Rolling Stock Co. vs. Johnston and others, imp.

from November 30, 1874; on $1,562.78, from December 31, 1874; on $1,972.68, from January 31, 1875; on $1,500.72, from February 28, 1875; on $1,516.62, from March 31, 1875; on $1,476.68, from April 30, 1875; on $738.34, from May 15, 1875; and on $14,459.56, from September 15, 1875. The defendants' answer denies all liability to the plaintiff for the claim set out in the complaint.

After issue joined, the defendants made a motion upon the complaint and answer for an order referring all the issues in the case to a referee to hear and try the same. Notice of this motion was duly served upon the attorneys for the plaintiff, and on the 12th of December, 1885, the circuit court made the following order in the case: " This matter having this day come on to be heard on the complaint and answer served and filed in this action, and due proof being made of the service of the notice of motion herein on D. S. Wegg and C. D. Roys, plaintiff's attorneys herein, on the 11th day of November, 1885, and this matter having been continued from week to week since the 21st day of November, 1885, at the request of said plaintiff's attorneys, now, on motion of Alfred L. Cary, attorney for the above-named defendants, and no one appearing in opposition thereto, it is ordered that all of the issues in this action be, and the same are hereby, referred to Gerry W. Hazelton, of the city and county of Milwaukee and state of Wisconsin, counselor at law, who is hereby directed to hear and decide the whole issue herein."

After the term at which this order was made had expired, and after the time to appeal from the same had also expired, and because the attorneys for the plaintiff had failed to appear on the hearing of the motion for said order although duly notified thereof, " it was verbally stipulated between the attorneys for the respective parties that the question whether this case is a proper one for a reference should be argued before and decided by said court upon the complaint

and answer therein; and, if the court should decide that the case was a proper one for a reference, then the said order heretofore entered was to stand; but if the court should decide that the case was not a proper one for reference, then the said order was to be set aside and an order entered by the court herein denying said motion for a reference; neither of the parties to said stipulation waiving the right to have the decision and order of the court made thereunder reviewed by the supreme court." Under this stipulation the matter was argued before the circuit court, and, after hearing the arguments of the respective counsel, the court entered the following order: "On motion of D. S. Wegg and C. D. Roys, plaintiff's attorneys, ordered that the said order entered herein on the 12th day of December, 1885, be, and the same is hereby, vacated; and further ordered that the said defendants' motion for a reference, being the motion upon which the said order of December 12, 1885, was entered, be, and the same is hereby, denied. *Dated March 20, 1886.*" From this order the defendants appealed to this court.

*Alfred L. Cary*, for the appellants.

For the respondent the cause was submitted on the brief of *D. S. Wegg*, attorney, and *H. H. Field*, of counsel.

TAYLOR, J. The appellants claim that the circuit court had no power to review the order of December 12, 1885, after the term at which it was made had expired, without the consent of the parties thereto; and they further claim that, under the stipulation made, the only power given to the court in reviewing such order was to decide whether the case made by the pleadings in the action was one which might, in the discretion of the court, be referred for trial to a referee under the provisions of sec. 2864, R. S., and that the power of the court to use its discretion in referring or not referring the case, provided the court had

the power to refer it under said section, was not conferred upon the court by the stipulation.

Upon a careful reading of the stipulation, in the light of the circumstances under which it was made, we are inclined to hold that the learned counsel are correct in their construction of it. The clause reserving the right of appeal to this court is in accord with that construction. If the case is in fact one which could be properly referred in the discretion of the court under the law, an appeal to this court would be of no avail to the party appealing. As a general rule, the only question which this court would consider upon an appeal from an order of reference made under the statute, would be the power of the court to refer the case under the statute. *Carpenter v. Shepardson*, 43 Wis. 413; *Welsh v. Darragh*, 52 N. Y. 590.

Holding, as we do, that the stipulation only conferred on the circuit court the power to decide whether the case was one in which a compulsory reference might be made under the statute, we are clearly of the opinion that the circuit court should have held that it was a proper case to refer, and should thereupon have permitted the order of reference to stand. From what appears in the record we cannot determine upon what ground the order of the circuit court reversing the order of reference was made; but, assuming that the learned circuit judge understood the stipulation as we do, he must have determined that it was not a case in which he could compel a reference. It has been repeatedly decided by this court, and other courts under similar laws, that it is no objection to a compulsory reference of a case in which a long account must be proved by the plaintiff in making out his case, that the defendant by his answer denies the existence or validity of the contract upon which such accounts are founded. *Sup'rs of Dane Co. v. Dunning*, 20 Wis. 210; *Monitor Iron Works Co. v. Ketchum*, 47 Wis. 177; *Welsh v. Darragh*, 52 N. Y. 590; *Kingsley v. Brooklyn*,

1 Abb. N. C. 108; *Cowden v. Teale*, 6 Hun, 532; *Schermerhorn v. Wood*, 4 Daly, 158.

The defendants having put in a general denial of all liability to the plaintiff, that the issues involve the examination of a long account of the plaintiff against the defendants, within the meaning of the statutes, is hardly a debatable question under the decisions of this court. *Mead v. Walker*, 17 Wis. 189; *Sup'rs of Dane Co. v. Dunning*, 20 Wis. 210; *Cairns v. O'Bleness*, 40 Wis. 469; *Monitor Iron Works Co. v. Ketchum*, 47 Wis. 177; *Carpenter v. Shepardson*, 46 Wis. 557; *Carpenter v. Shepardson*, 43 Wis. 406, 413; *Priest v. Varney*, 64 Wis. 500; *Gilbank v. Stephenson*, 31 Wis. 592.

We think the circuit court erred in deciding that the action is not one proper to be referred under the statute, and under the stipulation he erred, therefore, in setting aside the order of reference made in the action.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause is remanded for further proceedings.