LITTLEJOHN, Appellant, vs. THE REGENTS OF THE UNIVERSITY OF WISCONSIN, Respondent.

*March 8 — March 27, 1888.*

*Reference: Action, tort or contract?　Fraud: Long account: Discretion.*

An action to recover a balance claimed to be due upon a building contract and for extra work and materials, but which, it is alleged, has been fraudulently disallowed by the superintendent — who, by the terms of the contract, was constituted sole arbitrator to determine conclusively all matters pertaining to the contract, including the amount to be allowed for extra work and materials,— is an action *ex contractu*, and if it involves the examination of a long account all the issues therein, including that of fraud, may be referred in the discretion of the trial court.

APPEAL from the Circuit Court for *Dane* County.
The facts will sufficiently appear from the opinion.

For the appellant there were briefs by *Pinney & Sanborn*, attorneys, and *J. V. Quarles*, of counsel, and oral argument by *Mr. A. L. Sanborn*. They contended, *inter alia*, that the action is one of tort. *Ross v. Mather*, 51 N. Y. 113; *Matthews v. Cady*, 61 id. 651; *People v. Dennison*, 19 Hun, 137; *People v. Peck*, 57 How. Pr. 315; *Berrian v. Mayor*, 15 Abb. Pr. (N. S.), 208; *Peck v. Root*, 5 Hun, 547. An action of tort cannot be referred without consent. *Clark v. Candee*, 29 Hun, 139; *Welsh v. Darragh*, 52 N. Y. 590; *Verplanck v. Kendall*, 45 N. Y. Super. Ct. 525; *Wood v. Hope*, 2 Abb. N. C. 186; *Townsend v. Hendricks*, 40 How. Pr. 143; *Silmser v. Redfield*, 19 Wend. 20; *Dederick's Adm'rs v. Richley*, id. 110; *Godfrey v. W. C. F. Ins. Co.* 12 Abb. Pr. (N. S.), 250; *Freeman v. A. M. Ins. Co.* 13 Abb. Pr. 124; *Dewey v. Field*, 13 How. Pr. 437; *Cameron v. Freeman*, 10 Abb. Pr. 333; *Ross v. Mayor*, 32 How. Pr. 164; *Messenger v. Broom*, 1 Pin. 630. Whether the action is in tort or on contract, it should not be referred, because

the substantial and preliminary issue to be determined before any account is necessary, is a question of fraud or mistake. *Read v. Lozin,* 31 Hun, 286; *S. C.* 96 N. Y. 647; *Morrison v. Horrocks,* 40 Hun, 428; *Morrison v. Van Benthuysen,* 103 N. Y. 675; *Claflin v. Drake,* 38 Hun, 144; *Camp v. Ingersoll,* 86 N. Y. 433; *Evans v. Kalbfleisch,* 36 N. Y. Super. Ct. 457. The action involves difficult and important questions of law, on which the parties are entitled to the experience and judgment of the court. *Druse v. Horter,* 57 Wis. 644; *Magown v. Sinclair,* 5 Daly, 70. In any event, the whole action should not be referred, but only the question of accounting and value of work and material.

For the respondent there were briefs by *Lamb & Jones,* attorneys, and *Geo. W. Bird,* of counsel, and oral argument by *Mr. F. J. Lamb* and *Mr. Bird.* They argued, among other things, that the allegations of fraud or mistake in the complaint do not constitute the cause of action, but are necessary to make out the cause of action on the contract. The decisions of the superintendent adverse to the plaintiff and his claims are a bar to the action, unless impeached for fraud or mistake. *Baasen v. Baehr,* 7 Wis. 520; *Hasbrouck v. Milwaukee,* 17 id. 266; *Hudson v. McCartney,* 33 id. 331; *Tetz v. Butterfield,* 54 id. 242. But if the fraud or mistake were proved the plaintiff cannot recover anything *therefor.* He could only recover *on the contract. Cairns v. O'Bleness,* 40 Wis. 469; *Norton v. Rooker,* 1 Pin. 195; *Fifield v. Sweeney,* 62 Wis. 204; *Western Ass. Co. v. Towle,* 65 id. 247; *Littlejohn v. Jacobs,* 66 id. 600; *Austin v. Rawdon,* 44 N. Y. 63, 68; *Welsh v. Darragh,* 52 id. 590; *Conaughty v. Nichols,* 42 id. 83; *Byxbie v. Wood,* 24 id. 607, 610, 611; *Vilmar v. Schall,* 61 id. 564. Although the issue of fraud is raised in the manner indicated, still the cause should be referred. *Devlin v. Mayor,* 54 How. Pr. 50; *People v. Peck,* 57 id. 315; *S. C.* 77 N. Y. 630; *Bensel v. Galt,* 5 N. Y. Sup. Ct. 186; *S. C.* 2 Hun, 678; *Sheldon v. Wood,* 3 Sandf. 739; *Kingsley v.*

*Brooklyn,* 1 Abb. N. C. 108; *Maryott v. Thayer,* 39 N. Y. Super. Ct. 417; *Whitaker v. Desfosse,* 7 Bosw. 676; *Mills v. Thursby,* 11 How. Pr. 113; *Atocha v. Garcia,* 15 Abb. Pr. 303; Hoffman on Referees, 11, 12; *Austin v. Rawdon,* 44 N. Y. 63; *Vilmar v. Schall,* 61 id. 564. The issue of fraud cannot be separated from the other issues and tried by jury. The fraud itself involves the examination of the accounts, and can be established only by showing that the superintendent did not allow plaintiff enough. And the courts have decided the issues inseparable. *Devlin v. Mayor,* 54 How. Pr. 50; *Dane Co. v. Dunning,* 20 Wis. 210; *Carpenter v. Shepardson,* 43 id. 406. Whether all the issues or only part of them should be referred, is left wholly to the discretion of the court below. Sec. 2864, R. S. The ruling on that question will not be interfered with unless there has been a gross and manifest abuse of such discretion. *U. S. Rolling Stock Co. v. Johnston,* 67 Wis. 182; *Wheeler & W. Mfg. Co. v. Monahan,* 63 id. 194; *Jefferson Co. Bank v. Robbins,* 67 id. 68.

ORTON, J. As near as I can apprehend the object of this action from the statements, allegations, and prayer of the complaint, it is to recover the balance due upon the performance of a written contract between the plaintiff and John Trumbull and Gilbert Anderson of the one part, and the defendants of the other part, for constructing certain buildings for the university, of the contract price, and for extra work and materials, now owned by the plaintiff alone. In order to remove all obstruction to such recovery, it is alleged that the superintendent of said work,— appointed by the defendants according to said contract, and who was constituted thereby sole arbitrator to adjudge, adjust, and determine *conclusively* all matters pertaining to said contract, including what should be allowed for extra work and materials and what should be deducted from the contract

price for any deficiency of said work, and all matters of difference between the parties in relation thereto,— by reason of bias, mistake, or fraud, refused to make and did not make just and proper allowance to the plaintiff of what was honestly and fairly due on said contract and for such extra work and materials, and deducted therefrom certain items of unjust charges against the plaintiff; and that there is due to the plaintiff for such balance so corruptly deducted or disallowed, the sum of $18,291.11, for which judgment is demanded. The answer denies the fraud, and other material averments of the complaint, and alleges that the plaintiff submitted all such matters to said superintendent, and that he adjusted and determined the same, and what was so found due to the plaintiff was duly paid and satisfied, and that such determination of the superintendent is *conclusive* upon the parties.

There are long bills of particulars of the numerous items of account involved on both sides appended to the pleadings. Upon affidavit, showing that the trial of said issue or issues will require the examination of a long account, according to subd. 1, sec. 2864, R. S., and upon rule to show cause obtained by the defendants, the circuit court made an order that the action be, and the same hereby is, referred to Robert G. Siebecker, Esq., to hear, try, and determine; and that the said Robert G. Siebecker, Esq., is hereby appointed referee herein, and directed to hear and decide the whole issue and all the issues, both of law and fact, in this action. The plaintiff appealed to this court from said order. Against said order, the contention of the learned counsel of the appellant is —

*First.* That this is an action in tort, and therefore not referable. The statement of what we understand to be the object of this action has already indicated our view upon this question. The written contract between the parties, the balance due thereon, and the extra work and materials

contemplated thereby, and the value thereof, constitute the main grounds of the action, and what is justly due thereon and therefor is what is sought to be recovered. The fraud alleged is an incidental or collateral issue, and must be proved to entitle the plaintiff to recover, not as damages arising from the fraud, but as money due upon the contract and for extra work and materials. To illustrate this issue: If the plaintiff had alleged what was due on the contract and for extras, and demanded judgment therefor, and the defendant had set up the fact that by the contract the determination of the matter by the superintendent was *conclusive* and a bar to any recovery, and the plaintiff had replied that such determination was corrupt and made by bias, mistake, and fraud, could there be any doubt that the action was *ex contractu*, and not *ex delicto?* And yet the same issue is here presented, only the plaintiff has seen fit to anticipate and answer the defense by his complaint. The general issue would be *non assumpsit;* and the determination and the fraud of the arbitrator the subject of a special plea and replication in the same action. But the classification of such an action as one of contract, by this court, in similar cases, is sufficient authority. *Fifield v. Sweeney,* 62 Wis. 204; *Western Assurance Co. v. Towle,* 65 Wis. 247; *Littlejohn v. Jacobs,* 66 Wis. 600, and many other cases cited in the brief of respondent's counsel. We do not decide whether an action *ex delicto* may be the subject of a compulsory reference under our statute, for it is not in the case.

*Second.* That the special issues other than the long account and what is due thereon, ought not to have been referred. We do not understand that the learned counsel contends that such issues, and all of them, cannot be referred with the accounting, but that such important and complicated questions ought to be reserved, and tried in court before a jury. It does not seem possible that there could be

any doubt but that the court could, together with the accounting, refer any or all the issues in such a case.

" *All or any* of the issues in the action, whether of fact or law, or both, may be referred," etc., is the language of the statute.    As a matter of course such issues as are not referred are· reserved to be tried by the court or jury.    This language imports the fullest discretion as to what issues may be referred or what reserved.    There may well be issues in an action, the trial of some of which would require the examination of a long account and for that reason is referred, that ought not to be submitted to a referee.    Such are questions of *constitutional law*, or, as in *Ives v. Vandewater*, 1 How. Pr. 168, of the *validity* of certain "articles of association of forwarders on the Erie canal," which the court refused to refer; or, as in *Shaw .v. Ayrs*, 4 Cow. 52, of the *construction* of a certain agreement.    It is certain that the court has a wide discretion in the matter as to what other issues should be referred, and it would seem that "important issues requiring the discretion, experience, learning, and judgment of the court" ought not to be referred, as held in *Druse v. Horter*, 57 Wis. 644; and we do not wish to reconsider what is said upon that subject in that case, although it might not have been necessary to its decision.    It would seem that such a discretion ought to be exercised in actions at law as well as in equity cases, as to what other issues in the case ought to be referred.    The question then recurs, Was it an abuse of such a discretion for the court to refer the question or issue of fraud or other issues in this case, together with the matter of the long account?    We think that it was not.    Those questions are not difficult or complicated, and may be readily decided on the evidence; and besides, it is important that such issues be kept together with the main issues in the case, if they can be as well; and we see no good reason for separating them in this case, any more than there was in *Dane Co. v. Dunning*, 20 Wis. 210,

or in *U. S. R. Stock Co. v. Johnston,* 67 Wis. 182, and in other cases cited in the brief of the respondent's counsel. It is not only in the discretion of the court as to what other issues should be referred, but it is clearly in the discretion of the court as to whether the case should be referred, even if it is referable. There is no reason of construction that should make the word " may," in the last clause of sec. 2864, R. S., mean *shall,* or imperative, more than the same word in the first clause. We do not think a full reference of this case was an abuse of such discretion. It is not a matter of transcending importance, anyway, whether a case be referred or not; for the circuit court may review the report and, on motion, render judgment thereon, or set aside, alter, or modify it, or require the referee to amend it. The learned counsel of the appellant does not question the right or propriety of referring the matter of account in this case. What is due the plaintiff on the contract and for extra work and materials is involved in such accounting, and that is the main issue in the case. That being referred, there is no good reason why the subordinate, incidental, or collateral issues of the case should not also be referred, so that the report of the referee may dispose of the whole case.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.