BRIGGS, Respondent, vs. HILES, Appellant.

| 79 | 571 |
| 98 | 239 |

*April 10 — May 5, 1891.*

*Practice: Reference for trial.*

In a case where the plaintiff must necessarily prove a long account in order to make out his case, a compulsory reference may properly be granted, on his motion, for a trial of all the issues, although the defendant alleges that the plaintiff's services were all rendered under a special contract fixing his compensation, and have been fully paid for; but the referee, in such a case, may in his discretion try the issue as to whether there was a special contract covering such services, and, if he finds in favor of the defendant on that issue, base his report thereon, without examining the account.

APPEAL from the Superior Court of *Milwaukee* County. The action is upon an account to recover, *quantum meruit,* for professional services rendered defendant by the plaintiff as an attorney at law. The account contains a large number of items of such services, extending through a period of more than two years. The answer is (1) a general denial, and (2) a special contract for all services rendered by plaintiff for defendant, and full payment therefor. On motion of plaintiff, the defendant objecting thereto, the superior court referred all the issues to a referee to hear, try, and determine the same. The defendant appeals from the order of reference.

For the appellant there was a brief by *Rose & Bell,* and oral argument by *D. S. Rose.* They contended that the issue as to the special contract would have disposed of the whole case, and should have been tried by jury before a reference was ordered. *Graham v. Golding,* 7 How. Pr. 260; *Sharp v. Mayor,* 18 id. 213; *Cameron v. Freeman,* 18 id. 310; *Commissioners v. Raleigh,* 88 N. C. 120; *Keeler v. Poughkeepsie & S. P. P. R. Co.* 10 How. Pr. 11; *Keep v. Keep,* 58 id. 139; *Bridgers v. Bridgers,* 101 N. C. 75; *Quarles v,*

*Jenkins,* 98 id. 258; *Clements v. Rogers,* 95 id. 248; *Grant v. Hughes,* 96 id. 177; *Wilson v. Pierson,* 102 id. 308.

For the respondent the cause was submitted on brief of *Quarles, Spence & Quarles.*

Lyon, J. It is not denied that a trial of one of the issues in the action will necessarily require the examination of a long account, but the contention of defendant is that this issue should not be referred until the other issues are decided, because, should it be determined that there was a special contract between the parties fixing the compensation to which plaintiff is entitled for his services, it will not be necessary to examine the account. True, such would be the result of a determination of the issue on the alleged special contract for the defendant, but the trial court is not required thus to try the issues separately, although probably it may do so in its discretion. When there is an issue in the action the determination of which will require the examination of a long account, the court may send that issue, or any or all the issues in the action, to a referee to hear, try, and determine. Such are the plain provisions of the statute. R. S. secs. 2864, 2865. Hence it was said by the late Mr. Justice TAYLOR, in *U. S. Rolling Stock Co. v. Johnston,* 67 Wis. 182, that "it has been repeatedly decided by this court, and other courts under similar laws, that it is no objection to a compulsory reference of a case in which a long account must be proved by the plaintiff in making out his case, that the defendant denies the existence or validity of the contract upon which such accounts are founded. *Dane Co. v. Dunning,* 20 Wis. 210; *Monitor I. W. Co. v. Ketchum,* 47 Wis. 177; *Welsh v. Darragh,* 52 N. Y. 590; *Kingsley v. Brooklyn,* 1 Abb. N. C. 108; *Cowden v. Teale,* 6 Hun, 532; *Schermerhorn v. Wood,* 4 Daly, 158." To these cases may be added *Cairns v. O'Bleness,* 40 Wis. 469; *Littlejohn v. Regents,* 71 Wis. 437, — which are to the same

effect.    In the latter case some limitations on the rule are suggested by Mr. Justice ORTON, but this case is not within them.    The above cases settle the rule and sustain the reference.

It will be entirely proper, however, for the referee, in his discretion, to try the issue as to whether the services in question are covered by a special contract, as alleged in the answer, before entering upon an examination of the account; and, if he finds that issue for the defendant, he may base his report thereon, without stating the account for services.

*By the Court.*— Order affirmed.