## YATES vs. SHEPARDSON.

REFERENCE FOR TRIAL—NEW TRIAL: (1.) *When rejection of testimony by referee ground for new trial.* (2.) *Rejected testimony should be reported.* (5.) *Trifling errors not ground for new trial.* (7.) *Errors cured.* (8.) *What this court will review.*

EVIDENCE: (3, 4.) *Evidence in action for attorney's services, with bill of particulars.*

ATTORNEY-AT-LAW: (6.) *Claim for annual counsel fee under general retainer.*

1. On a reference for trial, if the referee takes down and reports testimony, but states that he " sustained " an objection to it, such testimony, if

Yates vs. Shepardson.

admissible, should be considered by the court in determining whether the referee's decision of the cause should be modified, but its rejection by the referee is no ground for a new trial.

2. In such a reference, it is generally advisable that testimony rejected by the referee be reported by him to the court, to save the necessity for a new trial.

3. In an action for services specified in a bill of particulars, plaintiff's testimony that most of his time for eleven years had been devoted to defendant's business, would be admissible if designed to show the length of time occupied by the services mentioned in the bill, but not to prove other services.

4. Where the bill of particulars contained an item under a specified date, for small and "miscellaneous business done," *with no amount charged,* evidence as to the nature and value of such business was properly ruled out.

5. The refusal of the referee to allow an amendment of the bill of particulars so as to make said item more definite, was no sufficient ground for ordering a new trial, the amount involved being trifling.

6. An attorney-at-law, under a mere general retainer, without any special contract as to payment, cannot recover an annual counsel fee; nor can he recover any other compensation, except for services *actually* rendered. So *held* in a case where the attorney also claimed and recovered upon a bill of particulars for special services rendered by him as such during the period covered by his general retainer.

7. A new trial should not be granted on account of testimony having been improperly rejected by the referee, if the same testimony was in fact subsequently introduced.

8. This court will not review questions of law and fact arising upon exceptions to the referee's report, until they have been passed upon by the court below.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant appealed from an order of the court. The character of the order, and the grounds upon which it was made, will sufficiently appear from the opinion.

*Carpenter & Murphy,* for appellant.

*E. Mariner,* of counsel, for respondent.

PER CURIAM. This is an appeal from an order setting aside the report of a referee, and referring the case to new referees for a new trial. It had been referred because it involved a long account between the parties. The trial was long and the case is voluminous, containing two hundred and forty-six pages.

Without examining the merits of the finding and decision by the referee, the order was made on account of certain supposed errors in his ruling on the trial, in excluding testimony offered by the plaintiff. We have carefully examined these rulings, and think they do not justify the order.

The first is on page 16 of the printed case. The plaintiff, in testifying, stated that half of his time during eleven years was devoted to the business of the defendant. The case does not show that the question was objected to, and, under the rulings of the referee, not answered. But it would appear that after the evidence was in, it was "objected to," and the "objection sustained."

If the testimony was designed to prove other services, not included in the bill of particulars, in this general manner, it was objectionable for that reason. If, however, it was designed merely to prove the length of time occupied in the services mentioned in the bill, there would seem to be no objection to it. But the ruling of the referee certainly affords no ground for a new trial. Because, the testimony having been given, and appearing in the report, if it was admissible for any purpose, the circuit court should have considered it, and given it whatever effect it was entitled to in producing a change or modification of the report.

Indeed it would seem to be advisable in such trials before a referee, as a general rule at least, to take down testimony even though ruled by him to be inadmissible, so as to avoid the necessity of a re-trial if the court should be of a different opinion.

The next is found on page 25 of the case. There was in the plaintiff's bill of particulars an item of the date of July 27, 1863, "small and miscellaneous business done," with no amount charged. The plaintiff offered evidence as to what the small miscellaneous business was, and as to its value, which was excluded.

This was proper. The bill of particulars furnished no light whatever as to the nature of the claim, and it would be unreasonable to hold that such an item in a bill of particulars was sufficient to justify the admission of proof, or to call upon the other party to defend.

The plaintiff then asked leave to amend his bill of particulars on the trial so as to make this item more definite and certain, which was refused. This court has favored a very liberal rule as to allowing, even on the trial, upon just terms, such amendments as are essential to substantial justice between the parties. But it is a discretionary power; and in a case of this kind, even though the circuit court might think it would have been more proper to allow the amendment and admit the proof, yet it ought not to set aside a report, and order a new trial for a refusal to allow it to be done in respect to an item trifling in amount, and where it is obvious that it was much less than the necessary additional expense of a re-trial, even to the party in whose favor granted.

The order in this case does not profess to have been based upon any error in the rulings of the referee in refusing to allow the plaintiff to amend, though, on setting aside the report, the court granted such leave. But as we have deemed it incumbent upon us to examine the exceptions so far as to determine whether the order could be sustained upon other grounds, we have alluded to this exception.

The next exception to the exclusion of evidence is to the refusal of the referee to allow the plaintiff to prove by his own testimony a general retainer by the defendant in all his business. The suit was to recover for professional services rendered for the defendant, and for money paid to defendant's use. Annexed to the complaint was a bill of particulars. The plaintiff was permitted to amend his complaint after it was filed, setting forth a claim for an annual counsel fee

from 1853 to 1868, inclusive, for professional counsel and advice rendered the defendant, amounting to $15,000. The referee found, as a matter of fact, that the plaintiff rendered professional services for the defendant between those years without any agreement for any annual or other remuneration, and as a conclusion of law held that the plaintiff was not entitled to recover any annual or other amount from the defendant for general services not agreed to be paid by the defendant. Upon the facts of this case we are inclined to the opinion that this view was correct. It is not claimed or pretended that there was any special agreement between the plaintiff and defendant to pay any annual salary as a compensation for counsel fees. The plaintiff is permitted to recover full compensation for all services included in his bill of particulars. Those services in the aggregate do not exceed $15,000. For all suits tried by him for the defendant, and for all professional services rendered for a term of years in attending to various and important legal matters, the plaintiff made his charges, and was permitted to go into proof to show their reasonableness, and, in addition, the plaintiff seeks to recover a further compensation of $1,000 a year for professional advice and counsel, without pretending or claiming that there was any special undertaking or agreement that any general retaining fee should be paid. It seems to us that such a claim can only be sustained by showing that there was some special contract or agreement to pay such an annual compensation as a counsel fee, and that therefore there was no error on the part of the referee in excluding the testimony offered. It is but fair to assume that the plaintiff was unable to specify any particular instances where he gave legal advice, inasmuch as he made no charges of the kind in the bill of particulars. But he sought to recover upon a *quantum meruit* an annual compensation of $1,000, for fifteen years, as due upon a general retainer, without

showing that there was any understanding between him and the defendant that he should be paid for such services. It seems to us that such a recovery could be had only upon a special contract.

The next exception taken is to the exclusion of certain questions asked professional experts, who were called by the plaintiff to prove the value of his legal services in attending to suits specified in the bill of particulars. Mr. Emmons was asked the questions on page 75 of the printed case, as to what he would estimate the plaintiff's services worth upon a supposititious case? Assuming the form of the question to be correct, we cannot see how the plaintiff was prejudiced by the ruling of the referee, when the witness just afterward, on pages 77 and 78, did state fully, in answer to questions put him, the value of plaintiff's services. For instance, in respect to the Hawley suit against the city of Milwaukee, about which the witness had been previously interrogated, he said: " If there was $25,000 involved in that suit, and by the efforts and professional labors of any man they were saved, I would regard the services as worth anywhere from one thousand to three thousand dollars, depending upon the amount of labor which he had performed." And so in regard to the Lain and Shepardson litigation, he was permitted to state the value of the plaintiff's services according to his understanding of the labor performed, although when the question was first asked him it was objected to and ruled out. But inasmuch as the witness subsequently answered the question, which covered the whole case, and stated what, in his opinion, the legal services were worth, the previous ruling of the referee, even if erroneous, became immaterial.

And the same answer, we think, must be given to the exceptions taken to the ruling of the referee in sustaining objections to questions put to the witness Mr. Arnold. He was asked what he would estimate the plaintiff's services worth in the Hawley case upon

a supposed state of facts. This question was objected to and ruled out (page 93). But on the very next page of the printed case, the witness went on and testified that the only services as to the value of which he could give any opinion in the Hawley case, were the services rendered on the trial spoken of, in which the nonsuit was granted, and the value of other services rendered up to the time of the obtaining of the affidavits alluded to; and that he thought those services, as far as they were stated in the testimony, were well worth $500. It is true, this witness was asked the value of certain services performed by the plaintiff in procuring the Hawley suit to be discontinued, but he declined to fix any value to them for the reason that he thought they were not strictly professional, rendered in the usual course of judicial proceedings. But, notwithstanding objections were taken and sustained by the referee to certain questions put this witness as to the ethical character of some of these services, yet he did give fully his views of the professional conduct of the plaintiff, and the value of all proper legal services which the testimony showed had been rendered.

These observations dispose of all the material exceptions taken to the rulings of the referee in excluding competent evidence. In our judgment, they did not authorize the circuit court to set aside the report and order a new trial. The circuit court, we think, should have reviewed the report, and the questions of law and fact arising upon the exceptions to the same. Of course, in the present attitude of the case, this court cannot review the exceptions, they never having been considered and passed upon by the court below. We can only reverse the order of the circuit court setting aside the report, and remand the cause for the action of that court upon the report and exceptions.

  *By the Court.*—Order reversed.

On a motion for a rehearing, the following opinion was filed:

PER CURIAM.  It seems to be assumed, on the motion for a rehearing, that the court has decided in the above opinion, that an attorney could not recover for professional counsel and advice under any circumstances. But this is a mistake.  What the plaintiff proposed to show was, that some time in the year 1853 he was retained generally by the defendant as his attorney in all of his business, but without any price being stipulated therefor.  He did not offer to show the amount of professional advice given, or what were the specific services rendered aside from those included in his bill of particulars, so that the defendant could meet the claim by proof as to what they were reasonably worth.  It was not proposed to show that he gave professional advice in any particular matter for which he had the right to claim a proper compensation, or that he had declined acting as counsel for others against the defendant, and thus lost the opportunity of performing services for which he might possibly have received a reasonable fee.  The bill of particulars doubtless embraced all the actual services rendered for which the plaintiff made any charge at the time.  And if he occasionally gave the defendant any professional advice in his business matters, it must be assumed that he gave it either without any intention to charge therefor at the time, or that he covered it in the charges made for services referred to in his account.  At all events, he did not attempt to show what particular service he did perform, but only that he was retained generally by the defendant, and frequently gave the defendant counsel and advice in minor business matters, for which no charge was made at the time.  It was then proposed to show that the plaintiff was entitled to recover $1,000 per annum as an annual counsel fee from 1853 to 1868, inclusive, in

consequence of this general retainer, and for advice given where no charges had been made, and for which no bill of particulars had or could be given.  We do not suppose a *general retainer*, where no actual services are rendered for which charges are made, entitles an attorney to sue his client for an annual counsel fee. Such is not our understanding of the effect of such an engagement.  Of course, parties may, and sometimes do, agree upon an amount which shall be paid as an annual counsel fee for professional advice, but this is the result of special contract.  No such annual counsel fee can be claimed in consequence of a general retainer; nor, for that matter, can any claim for compensation be made by reason thereof, where no services have been rendered.

Motion for rehearing *denied*.