## A. B. HAWLEY

### *vs.*

## GEORGE WILKINSON.

This action was tried before a justice of the peace, from whose judgment in favor of plaintiff an appeal was taken by defendant to the district court. After a jury was empanneled and sworn, but before any evidence was offered, defendant, claiming that the complaint contained a double statement of plaintiff's alleged cause of action, moved that he be compelled to elect upon which he would proceed. The motion being denied, defendant further moved to strike out the second statement of the cause of action in the complaint, and the second motion was also denied. The pleadings being the same upon which the action was tried before the justice, and no objection appearing to have been made to them except as above mentioned: *Held*, that the motions were addressed to the sound discretion of the court, and that considering the times at which they were made the discretion does not appear to have been abused.

Sanders vs. Clason, 13 Minn. 379, followed and applied.

Appeal by defendant from an order of the district court for Goodhue county, refusing a new trial. The case is sufficiently stated in the opinion of the court, except that the action was brought to recover for goods sold and delivered by the plaintiff, to one Little, upon the credit of defendant.

WILDER & WILLISTON, for Appellant.

PHELPS & TABER, for Respondent.

*By the Court.*—BERRY, J.—This action was originally insti-

tuted before a justice of the peace, by whom judgment was rendered for the plaintiff for $45.21. Defendant appealed to the district court, and after a jury was empanneled and sworn, but before any evidence was offered, he moved, upon a claim that the complaint contained a double statement of plaintiff's alleged cause of action, that plaintiff be compelled to elect upon which statement he would proceed. The court refusing to grant this motion as made, defendant further moved to strike out what he conceived to be the second statement of plaintiff's cause of action, and the second motion was also denied. The pleadings in the case (complaint and answer,) were those upon which the action was tried before the justice, and no objection appears to have been made to them until as above mentioned. Without stopping to inquire whether these objections were well founded or not, it is enough to say that the motions were both addressed to the sound discretion of the court, and considering the times at which they were made, we cannot say that the discretion appealed to was in any sense abused. *Gen. Stat.*, ch. 66–90.

Upon the the trial the jury rendered a verdict for the plaintiff for $47.59. Defendant insists that this verdict is not justified by the evidence.

The effect of the evidence has been passed upon by the justice, by the jury, and by the judge below on his denial of the motion for a new trial.

We are not inclined to disturb the result in which all these concur, since upon a careful perusal of the case settled, we find some testimony having a reasonable tendency to show, that the goods, to recover the price of which this action was brought, were originally furnished to Little upon defendant's credit.

There is also some testimony going to show, that defendant upon the settlement between himself and Little, charged Little

for the amount of plaintiff's claim, and assumed to pay the same. This would make him liable to plaintiff within the principle of *Sanders vs. Clason*, (13 *Minn* 379,) and the instruction given to the jury of which defendant complains, is warranted by that case.

Order refusing a new trial affirmed.