CAROLINE E. PLUMMER & others *vs.* JOHN G. MOLD.

May 22, 1875.

Pleading—Election between Inconsistent Causes of Action.—Where, in a suit for services, the complaint sets up a special contract as to the price, and also alleges the value, it is in the sound discretion of the court to require the plaintiff to elect under which allegation he will proceed.

Practice—Evidence in Rebuttal.—Where the plaintiff, in rebuttal, offers evidence which he should have given in chief, the court may, of its own motion, limit the extent to which he shall give such evidence.

Estoppel in pais.—There can be no estoppel as to the facts when they are equally known to both parties.

Evidence—Contract Price.—Where the issue was whether there was an agreement to pay a certain price per thousand for sawing logs, the fact that the parties agreed upon the same price to be paid for other logs, sawed during the same time, cannot be considered by the jury.

Appeal by plaintiffs from an order of the district court for Chisago, Pine and Kanabec counties, *Crosby,* J., presiding, refusing a new trial after verdict for defendant. To the statement of the case in the opinion it is necessary to add merely that the complaint alleges that the quantity of lumber sawed under the contract sued on was 74,261 feet,

that the contract was made March 1, 1867, and the lumber sawed between that date and May 27 following. The lumber sawed by plaintiffs for defendant in July, 1867, amounted to 1,456 feet.

*Du Bois Smith*, for appellants.

*L. R. Cornman*, for respondent.

GILFILLAN, C. J. This was an action to recover for sawing a quantity of logs. The complaint alleges a specified price agreed on, and also that the sawing was reasonably worth such price. The answer denies the allegation that there was an agreed price, and also denies the value as alleged in the complaint, and states a less value, and sets up a counter-claim for damages from plaintiff's improperly sawing the logs.

The statement of the case does not show that it contains all the evidence, and in such case the court presumes that there was sufficient to justify the findings.

On the trial the court required the plaintiffs to elect whether they would rely on the special contract alleged in the complaint, or on the value alleged. In *Hawley* v. *Wilkinson*, 18 Minn. 525, this was held to be in the sound discretion of the court, and we adhere to the rule there laid down.

After defendant had rested, the plaintiffs gave evidence tending to show the value of the sawing, and the court, on its own motion, restrained them in this evidence to a particular class of the lumber. To give any evidence of value, when on the rebuttal, rested not upon a right in the plaintiffs, but in the discretion of the court; and if it could exclude the whole of that kind of evidence, as it might have done, it certainly might exclude a part; and where to admit or reject evidence is discretionary with the court, it may exclude it, though not objected to.

As the plaintiffs did the sawing, the defendant had the lumber hauled away from their mill. For this reason the plaintiffs objected to defendant proving the allegation in his

answer that the lumber was improperly sawed, and also requested the court to instruct the jury that they were to exclude from their consideration all evidence that the lumber was improperly sawed; and that defendant, having received and used it, was estopped from denying that it was properly sawed, which instructions the court refused to give. The defendant had testified that he did not notice the condition of the lumber until it was all hauled and piled up. No estoppel could arise upon such a state of facts. If the lumber was improperly sawed, the plaintiffs must have known it as well as, if not better than, defendant. They could not have been misled, in that particular, by the silence of defendant while he was having the lumber hauled away. There can be no estoppel as to the facts when they are equally known to both parties.

One of the plaintiffs having testified that in July they sawed a small quantity for defendant, and charged him $7.00 per 1,000, which he paid, the plaintiffs requested the court to instruct the jury to consider this fact in determining whether the agreement was to pay that price for the sawing in controversy, which the court refused. The price paid for an isolated transaction, like that sworn to, was certainly no evidence of a contract price for the sawing involved in the suit.

Order affirmed.