Yates vs. Shepardson.   (Cross Appeals.)

YATES vs. SHEPARDSON.   (Cross Appeals.)

PRACTICE.   *(1, 4)* Trial by referee.   Exceptions to his findings.   *(2)* Res adjudicata.   *(3)* Waiver of objections to defect of parties and misjoinder of causes.
EVIDENCE.   *(5)* Note and receipt on settlement construed: their effect as evidence.   *(6)* Check not evidence of loan from drawer to payee.
ACCOUNT: INTEREST: OFFSET.   *(7)* Interest on account.   Offsetting account against note.

1. Where a case has been referred for trial, the report of the referee is final as to any finding of fact not duly excepted to.
2. On a former appeal from the order of the circuit court setting aside the referee's report, upon plaintiff's exceptions thereto, and ordering another reference, this court reversed the order, on the ground that "the circuit court should have reviewed the report, and the questions of law and fact arising upon the exceptions," and that it had not done so; and the cause was remanded "for the action of that court upon the report and exceptions." *Held*, that the questions raised by such exceptions are not *res adjudicatæ* by virtue of such former decision.
3. The action being for the balance of mutual accounts, one of the items was for services rendered by a law firm of which plaintiff was a member, and no assignment of the claim to him was shown. No objections were taken to the item, either by demurrer or answer, on the ground of a defect of parties plaintiff or a misjoinder of causes of action. *Held*, that such objections were *waived*.
4. The referee having rejected such items, and defendant having excepted merely to his failure to allow $150 therefor, the court erred in allowing more than that sum.
5. Upon a settlement between the parties, in 1849, plaintiff gave defendant his promissory note, in the usual form, for $682.07, and took defendant's receipt, as follows: "Received of *Peter Yates*, on settlement, one dollar in full of all demands except a note of even date of $682.07 and the rat trap." Plaintiff claims that the note represents advances made by defendant on account of a certain engine, here called the "rat trap;" that the agreement was, that payment should be made only out of the profits thereof; and that there were no profits. Defendant claims that the note was given unconditionally for the balance due him on the settlement. *Held*,
  (1) That the note is in terms an unconditional promise to pay; and the legal effect of the receipt is the same as though it had specified that the note was given defendant in full settlement of all the business trans-

actions of the parties, except those growing out of the engine adventure.

(2) That the other evidence being balanced (consisting solely of the conflicting testimony of the parties), and the burden of proof being upon the plaintiff, he must be held liable for the amount due on the note by its terms.

6. A check drawn by one party in favor of the other, and paid to him, is of itself no sufficient evidence that the sum therein named was a loan from the drawer to the payee.

7. Interest not being allowable on plaintiff's account before the action was commenced (*Marsh v. Fraser*, 37 Wis., 149), such account cannot be made an offset as of an earlier date against his obligations to defendant, which drew interest by their terms; but interest on the full amount of such obligations, at the rate mentioned therein, must be computed in the first instance to the commencement of the action.    And plaintiff was entitled to interest at the statutory rate, between the commencement of the action and the date of the referee's report, on the balance found to have been due him at the former date.

APPEALS from the Circuit Court for *Milwaukee* County. These appeals were submitted by both sides upon briefs.
*E. Mariner*, for the plaintiff.
*Carpenter & Murphey*, for the defendant.

Lyon, J.    These are cross appeals from a final judgment rendered by the circuit court in favor of the defendant for $334.07, upon the report of a referee as modified by that court. The action was commenced February 22, 1868, and involves the necessity of stating an account between the parties of quite large business transactions, covering a period of nearly twenty years.    These accounts were kept very loosely; indeed it is not perceived how the parties could well have confused them more, or rendered a satisfactory adjustment of them more difficult.    The case is still further complicated by the fact that the testimony of the parties, which covers the whole account of each, is very conflicting, and, looking to the record alone, it is difficult to say which of them recollects most accurately the transactions involved in this litigation.    To state

Yates vs. Shepardson. (Cross Appeals.)

the account with mathematical accuracy is, under the circumstances, an impossibility. Because of their gross and persistent carelessness, neither party has any right to complain, however the action may result.

The case has been examined with great care; indeed, we fear that we have given more time to such examination than we ought, in view of other pressing and important official duties. Upon many points the testimony leaves our minds in much doubt and uncertainty; yet, with the aid of such lights as the record gives us, we will endeavor to state the accounts of the parties upon legal principles, and strike the balance between them. No extended discussion of mere questions of fact will be inflicted upon the profession, but this opinion will be confined to brief discussions of questions of law arising in the case (and these are not numerous), and to statements of our conclusions on questions of fact.

The report of the referee, before whom the case was tried, is final as to any fact found by him to which no exception was taken. Such report will, therefore, be taken as the basis of our investigations, and no objections now made to such findings will be considered unless presented by proper exceptions.

And here a preliminary objection may as well be disposed of. The circuit court once made an order setting aside the report of the referee and ordering another reference, upon exceptions to the report, taken by the plaintiff. On appeal to this court, the order was reversed. Counsel for the defendant now insists that by the decision and judgment of this court on such appeal, all the plaintiff's exceptions are *res adjudicatæ*, and hence, that the circuit court could not properly modify the report. The position is not well taken, as plainly appears by the following extract from the opinion of this court on reversing such order: "The circuit court, we think, should have reviewed the report, and the questions of law and fact arising upon the exceptions to the same. Of course, in the present attitude of the case, this court cannot review the exceptions,

they never having been considered and passed upon by the court below.   We can only reverse the order of the circuit court setting aside the report, and remand the cause for the action of that court upon the report and exceptions."   27 Wis., 244.

The referee allowed the plaintiff's account against the defendant at $4,373.47; and no exception on behalf of the latter was taken thereto.   That amount, therefore, cannot be reduced, nor can the defendant now be heard to object that any item in the plaintiff's account was improperly allowed. But I think it is proved by a preponderance of the testimony that some of those items should have been allowed at larger sums, and that others, which were rejected by the referee, should have been allowed.

These will now be considered:

1. For certain professional services rendered by the plaintiff to the defendant in an action brought by the city of Milwaukee against the defendant and others, the referee allowed $1,000.   The action was on a bond in the penal sum of $25,000, executed to the city by one Hawley as principal, and by this defendant and the other defendants in that action as sureties. The condition of the bond seems to have been broken, and the parties thereto were probably liable to the city to the full amount of the penalty.   All of such parties, save the defendant *Shepardson*, seem to have been insolvent.   After much effort and after devoting much time to the matter, the plaintiff succeeded in persuading the city attorney to enter a nonsuit. The cause of action is now barred by the statute of limitations. There was a question of legal ethics before the referee — the plaintiff having testified that he procured the nonsuit by *finesse*, and the question being whether he was entitled to be paid for services of that character; but the referee held that he was entitled to compensation for the services, and there is no exception which presents the question for determination here.   It is a verity in the case that the plaintiff is entitled to

recover for those services, and we can only determine the amount.  The testimony of several distinguished members of the Milwaukee bar on the subject impels me to the conclusion that the plaintiff should have been allowed $2,000 for his professional services in that action.

2.  For services in another action, *Lain v. Shepardson*, in which the plaintiff was attorney for the defendant, the referee allowed $1,250.  It was a difficult and important case, involving property worth several thousands of dollars; it was sharply litigated through several courts, was pending several years, and involved a large amount of professional labor.  It resulted favorably to *Shepardson*.  I think it is proved that the plaintiff earned $1,500 in that action.

3.  The referee refused to allow a claim of the plaintiff for professional services in the case (or perhaps the two cases) of *Button v. Cross and Shepardson*.  It appeared on the trial that the services were rendered by a law firm of which the plaintiff was a member.  No assignment or other transfer of the claim to the plaintiff was proved.  For these reasons the claim was disallowed by the referee.  Considering this item alone, we have the familiar case of a nonjoinder or defect of parties plaintiff.  Considering it in connection with the balance of the complaint, there may be a misjoinder of causes of action, as in *Green v. Nunnemacher*, 36 Wis., 50.  In either case the objection can only be taken by demurrer or answer.  R. S., ch. 125, secs. 5, 8 and 9.  It was not so taken in this case, and is therefore waived.  The claim was allowed by the circuit court at $300; but the defendant's exception to the report is, that the referee failed to allow $150 therefor.  This limits the recovery, and the plaintiff can only be allowed $150 for such services.

4.  Three small items of services, amounting to seven dollars, were proved, but not allowed by the referee.  Doubtless they were inadvertently overlooked.

These are the only additions to the plaintiff's account which

the evidence will warrant, although it is claimed on his behalf that others should be made. The plaintiff's account against the defendant must, therefore, be stated as follows:

| | |
|---|---:|
| Allowed by referee, | $4,373.47 |
| Additional for services in *Milwaukee v. Hawley et al.*, | 1,000.00 |
| Additional for services in *Lain v. Shepardson*, | 250.00 |
| Services in *Button v. Cross and Shepardson*, | 150.00 |
| Omitted items, | 7.00 |
| Total of plaintiff's account, | $5,780.47 |

We come now to the examination of the defendant's account against the plaintiff, which was interposed as a counterclaim to the plaintiff's cause of action. The account was allowed by the referee at $9,364.06. This amount is made up of the following allowances: 1. The principal and interest of a promissory note given by the plaintiff to the defendant for $682.07 and twelve per cent. interest, dated June 9, 1849, and payable one day after date. 2. The sum of $3,370 paid by the defendant for the plaintiff July 19, 1859, and interest thereon. The defendant had indorsed the note of the plaintiff for $3,000, for the accommodation of the latter, and this payment was made on account of such indorsement; the defendant having been compelled to pay the note. When the indorsement was made, the plaintiff executed to the defendant the following instrument under seal: "Milwaukee, June 1, 1857. One year after date I promise to pay *Clark Shepardson*, or order, three thousand dollars, with interest at the rate of twelve per cent. per annum until paid." The condition of the obligation therein expressed is, that the obligor will save the defendant harmless from such indorsement. 3. The current account of the defendant against the plaintiff.

The amount allowed by the referee on the note and obligation is $7,423.26, and on the current account $1,940.80 — making the whole allowance $9,364.06 as before stated. It is not denied that the amount allowed by the referee for principal and interest on account of the payment of the $3,370, was

properly allowed.   But, for reasons which will now be stated, it is insisted that the note of June 9, 1849, is not a valid demand against the plaintiff.

At the time the note was given, the parties had a settlement of their accounts, and the defendant gave the plaintiff a receipt of the same date, which is as follows: "Received of *Peter Yates*, on settlement, one dollar in full of all demands, except a note of even date of six hundred eighty-two 7-100 dollars and the rat trap.   C. SHEPARDSON."   The "rat trap" signifies a pulley engine, invented and patented by the plaintiff, in which the defendant had an interest.   The plaintiff claims, and so testified, that the note represents advances made by the defendant on account of such engine, which did not prove a success, and that it was agreed between the parties that the payment of such advances should be contingent upon the success of the invention; in other words, that payment was only to be made out of the profits thereof, and, no profits having been realized, there is no liability on the note.   On the other hand, the defendant claims, and so testified, that the note was given unconditionally for the balance found due him on the settlement, and that the plaintiff is absolutely liable to him for the amount thereof.

The note contains no condition that it was only to be paid in case the engine adventure proved a success, but is, by its terms, an unconditional contract for the payment of the sum specified therein and interest.   The receipt fails to show any connection between the note and such adventure.   The legal effect of the receipt is the same as though it had specified that the note was given to the defendant in full of all demands against the plaintiff, and in full settlement of all their business transactions except those growing out of the engine adventure.   The only oral testimony on the subject is that of the parties, and their testimony is in direct conflict.   The most that can be said is, that the oral testimony is balanced. This fact, standing alone, would decide the question adversely

to the plaintiff; for the *onus probandi* is with him. But it does not stand alone. The note, which, as we have said, is for the payment of money unconditionally, is evidence, and must control. It must be held, therefore, that the note expresses the contract of the parties, and the plaintiff is liable for the amount due thereon by its terms. The referee and the circuit court so held.

The circuit court modified the report of the referee by striking out items allowed the defendant in his current account, amounting to $1,420.32. These charges were principally evidenced by checks drawn by the defendant in favor of the plaintiff for different sums which were paid to the plaintiff. The checks furnish no evidence that those sums were loans to the plaintiff. It is for the defendant to show that these checks represent loans. I think he has failed to do so, and that the charges were properly rejected by the court.

But an item of $100 for rent of barn, allowed by the referee and rejected by the court, must be restored to the account, for the reason that no exception to its allowance was taken by the plaintiff.

The result of the foregoing views is, that the defendant's current account should be allowed at $520.48.

This brings us to consider the correct rule of interest. Applying to this case the well settled rules of law on the subject, which are stated by the chief justice in *Marsh v. Fraser*, 37 Wis., 149, no interest can be allowed on the plaintiff's account before the action was commenced. And as that cannot be done directly, it cannot be done indirectly by making an offset, as of an earlier date, of the account against the note and obligation which draw interest. The interest on such note and obligation should, therefore, be computed in the first instance to the commencement of the action, February 22, 1868. No valid reason is perceived why the defendant was not entitled to have the interest on the money he was compelled to pay for the plaintiff computed at twelve per cent., as specified in

the obligation above mentioned. But the referee computed it at seven per cent., and no exception thereto was taken on behalf of the defendant. The interest on the note at twelve per cent. from date to the commencement of the action, and on the $3,370 from date of payment to the same time, at seven per cent., amounts to considerably more than the allowance of interest thereon by the referee for the same periods; but inasmuch as the defendant did not except to such allowance, he is bound by it.

The referee computed such interest to the date of his report (September 16, 1869), at $3,371.19. Had he computed it on the same basis to the commencement of the action (February 22, 1868), he would have found it to be $2,850.88. The latter sum is therefore the measure of the defendant's recovery of interest to the commencement of the action.

In accordance with the foregoing views, the defendant's side of the account, and the balance, should be stated as follows:

| | |
|---|---:|
| Current account, - - - - - - - | $520 48 |
| Note of June 9, 1849, - - - - - - | 682 07 |
| Payment of July 19, 1859, - - - - - | 3, 370 00 |
| Interest on note and payment to February 22, 1868, as allowed by referee, - - - - - - - | 2, 850 88 |
| | $7, 423 43 |
| Deduct plaintiff's account as above, - - - - | 5, 780 47 |
| Balance due defendant February 22, 1868, - - - | $1, 642 96 |
| Interest at 7 per cent. to September 16, 1869, date of report, - | 180 50 |
| Due defendant September 16, 1869, - - - - | $1, 823 46 |

My conclusions are, that on the appeal of the plaintiff the judgment of the circuit court should be affirmed; but that on the appeal of the defendant the judgment should be reversed, and the cause remanded with directions to that court to render judgment for the defendant for $1,823.46, and interest

thereon at seven per cent. from September 16, 1869 — the date of the referee's report, — to the date of such judgment.

COLE, J. . I concur in the above opinion of Mr. Justice LYON.

RYAN, C. J., took no part in the decision of this cause.

*By the Court.* — Judgment reversed, and cause remanded with the directions stated above.