E. W. ERISMAN v. J. J. KERWIN.

(Filed Feb. 11, 1899.)

1. REFEREE—*Report of Facts—Effect.* Under section 305 of our Code of Civil Procedure, when the order of reference by the court requires the referee to report the facts, the report has the effect of a special verdict.

2. SAME—*Findings Same Force as Verdict.* The findings of the referee must be regarded by the court as having the same force and weight as the verdict of a jury, and should not be disturbed, unless clearly against the weight of the evidence.

3.  REPORT OF REFEREE—*Review on Appeal—Rule Applied*.  The record
    in this case examined, and *held*, that the evidence clearly supports
    the findings of fact and conclusions of law thereon by the
    reports of the referees, and it was error for the court to overrule
    the motions of the defendant to confirm such reports of the referees,
    and to enter judgment for the plaintiff.
    (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before
Henry W. Scott, District Judge.*

*B. F. Burwell* and *A. C. Scott*, for plaintiff in error.

*J. W. Johnson* and *Hardin Eby*, for defendant in error.

Action by J. J. Kerwin against E. W. Erisman. Judgment for plaintiff. Defendant brings error. Reversed.

Opinion of the court by

HAINER, J.: This was an action brought by J. J. Kerwin, defendant in error, and plaintiff in the court below, in the district court of Oklahoma county, against E. W. Erisman, plaintiff in error, and defendant in the court below, for an accounting, for dissolution of partnership, and for the appointment of a receiver to take charge of the partnership property, pending the litigation and the settlement of their partnership affairs. After a receiver had been appointed by the court, and the issues joined, the court, by agreement of both parties, referred the case to MacGregor Douglas to hear and determine the cause as to both questions of law and fact. The referee, after hearing all the evidence in said cause, found the issues in favor of the defendant, Erisman, and made the following recommendation to the court, based upon his findings of fact:

1.   "The referee recommends that said court order said receiver to sell the real estate and premises in which this

partnership began and continued business, and which stands in the name of E.W. Erisman, to the highest bidder for cash, and apply the proceeds of said sale as follows: First. To the full payment and satisfaction of the mortgage on said real estate and premises. Second If any balance remains after the satisfaction of said mortgage, the same shall be divided in two equal sums, —one-half said balance to be paid to the plaintiff, Kerwin, and the other half used and applied on the payment of the accounts and notes due by said business, as hereinafter set forth; but that if, on any account, said real estate should not sell for enough to satisfy said mortgage, the mortgagees therein should recover judgment equally against Erisman and Kerwin for any balance remaining unpaid, one half of said balance unpaid and of said judgment to be paid by each of the parties hereto.

2. "The referee further recommends that said receiver be ordered by the court to sell the stock of goods in controversy herein for cash to the highest bidder, and apply the proceeds of such sale, together with one half the balance (if any) remaining rfom the sale of the real estate and payment of mortgage as follows, First. To the full payment of the balance due on the notes held by the People's Bank, and also the accounts due to the said various wholesale houses, as hereinbefore set out; and, second, the balance remaining after the payment of said debts and expense of receivership, if any there be, shall be turned over to the defendant, Erisman. That said receiver be ordered by the court to pay all the expense of his receivership out of the money in his hands as such receiver, as well as his own compensation of $175.00, being his full compensation up to the 31st day of March, 1896; and any other expenses arising in said receivership shall be paid out of the moneys coming into the hands of said receiver from the sale of the property or otherwise.

3. "The referee recommends that said defendant, Erisman, recover judgment against the plaintiff, Kerwin, for

the costs of this suit and expenses of said receivership, and for any balance of the proceeds of the sale of said stock of goods remaining after the payment of the indebtedness as provided; and that plaintiff, Kerwin, have judgment for one-half of any balance remaining from the sale of said real estate and payment of the mortgage thereon,. and for the return of his collateral to said notes, when same shall be paid, but that said judgment in favor of Kerwin shall not take effect until he shall have paid said costs of this action and expenses of the receivership herein; and, provided that, if said Kerwin shall not pay the costs herein and the expenses of the receivership, the receiver shall be ordered to apply one-half of the balance remaining in his hands as aforesaid which belongs to Kerwin to and on the pavment of said costs and expenses, and said receiver shall be ordered to sell said collateral and pay said expenses out of the proceeds thereof, and pay the balance over to Kerwin."

Erisman then filed a motion to confirm the report of the referee, but the court on its own motion, and over the objections of the defendant, again referred said cause to J. H. Everest, the court stating at the time that said Everest was an expert accountant, and directed him to read the evidence, and make his findings of fact and conclusions of law thereon, and to determine all questions of both law and fact in said case, and report the same to the court; to which reference, the defendant at the time excepted. The second referee (Everest,) after having said matter under consideration for six days, made the following report:

"After a careful examination of the evidence introduced by both plaintiff and defendant, and after hearing argument of counsel for both plaintiff and defendant, and having carefully examined the law applicable to the facts shown by the record, the referee finds that

the report of Referee MacGregor Douglas, filed in the district court April 17, 1896, herein, was correct in both its findings of facts, and in conclusions of law, and recommendations to the court, and the referee recommends that said report be confirmed in all things, and that judgment be entered as therein recommended."

Erisman then again filed a motion to confirm the report of the second referee, but the court again overruled the motion to confirm, and rendered a judgment in favor of the plaintiff. The defendant then filed his motion for a new trial, which was by the court overruled, and the defendant, Erisman, brings this case here upon error, and prays reversal of the judgment of the district court.

We have carefully examined the record in this case, and find that the clear weight of the evidence supports the findings of fact and conclusions of law of the referees in this case. Section 305 of our Code of Civil Procedure provides that: "The report of the referee upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict." In this case the order of reference required the referee to report his findings of fact and conclusions of law thereon, and hence the reports of the referees have the same effect as a special verdict of a jury; in other words, the reports of the referees in this case are tantamount to the special findings of fact by two juries. The findings of a referee must be regarded by the court as having the same force and weight as the verdict of a jury, and will not be disturbed unless clearly against the weight of the evidence. (20 Am. & Eng. Enc. Law, p.

708, and cases there cited; *Equipment Co. v. Blair*, [N. Y. App.] 39 N. E. 962; *Bank v. Pope*, [Or.] 26 Pac. 622.)

As the evidence in this case clearly supports the findings of facts and conclusions of law thereon by the referees, it was error for the court to overrule the motions to confirm the reports of the referees, and to enter judgment for the plaintiff. The judgment of the district court is therefore reversed, and the cause remanded to the district court with directions to enter judgment for the defendant in conformity with the reports of the referees, and for costs in this court and in the court below.

Burwell, J., having been of counsel in the court below, not sitting; all the other Justices concurring.