DELLA LIMERICK v. A. KETCHAM, *et al.*

(Filed September 7, 1906.)

**MATERIAL MAN'S LIEN—Husband and Wife.** Where the wife is the exclusive owner of real estate, and the husband enters into an oral contract with a material man to furnish material for the erection of a building on such real estate, the material man is entitled to a lien upon the property for the amount or the material furnished and used in such building.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Snyder & Clark,* for plaintiff in error.

*Henry H. Howard,* for defendant in error, Ketcham.

STATEMENT OF FACTS

This action was brought in the district court of Oklahoma county by A. Ketcham against Della Limerick, D. E. Rice, Harry Harvey and William Rice, to recover the sum of $272.62, together with interest and costs, alleged to be due for lumber and material furnished for the construction of a residence, and for the foreclosure of a mechanic's lien. The

defendant, Della Limerick, admitted that she was the sole and exclusive owner of the lots upon which the building was constructed, but denied all the other allegations contained in the petition.

The case, with the consent of the parties, was referred to a referee to report his findings of fact and conclusions of law. In due time the referee heard the case, and after hearing all the evidence on behalf of the plaintiff, the defendant, Della Limerick, demurred to the evidence, on the ground that the plaintiff had failed to prove a cause of action against her. The demurrer was overruled, and she elected to stand thereon. Thereupon the referee made his findings of fact and conclusions of law, which were confirmed and approved by the court, and a personal judgment entered against the plaintiff in error for the sum of $326, and decreeing a foreclosure of the mechanic's lien. To which findings, ruling, and judgment of the court the defendant, Della Limerick, excepted, and she brings the case here for review.

Opinion of the court by

HAINER, J.: Two questions are presented for our consideration. They are: First, that the evidence was insufficient to sustain the findings of fact of the referee: And second, that the court erred in rendering a personal judgment against the plaintiff in error.

In our opinion, the evidence was sufficient to sustain every material finding of fact made by the referee. Hence, the demurrer to the evidence was properly overruled. And the law is well settled that where there is sufficient evidence

to sustain and uphold the findings of a referee, that such findings of fact will not be disturbed by the appellate court.

In *Frisman v. Kerwin,* 8 Okla. 92, this court said:

"The findings of the referee must be regarded by the court as having the same force and weight as the verdict of a jury, and should not be disturbed, unless clearly against the weight of the evidence."

And in *Harper v. Hendricks,* 49 Kans. 718, 31 Pac. 734, the supreme court of Kansas held that:

"Where a cause is referred to a referee, with the consent of all the parties, to hear the same, and to make his report on the facts and the law, and such report is afterwards confirmed by the district court, the judgment will not be set aside as against the evidence, although that is greatly conflicting if there is sufficient to sustain the findings of fact upon which the judgment is rendered."

But, in our opinion, the findings of fact of the referee did not justify the court in rendering a personal judgment against the plaintiff in error.

Section 4527, page 870, of the Statutes of 1893, provides as follows:

"Any person who shall, under contract with the owner of any tract or piece of land, or with the trustee, agent, husband, or wife of such owner, furnish material for the erection, alteration or repair of any building, improvement, or structure thereon; or who shall furnish or perform labor in putting up of any fixtures or machinery in, or attachment to, any such building, structure, or improvement; or who shall plant any trees, vines, plants, or hedge in or upon said land; or who shall build, alter, or repair, or furnish labor or material for building, altering or repairing any fence or foot-

walk in or upon said land, or any sidewalk in· any street abutting said land, shall have a lien upon the whole of said piece or tract of land, the building and appurtenances, in the manner herein provided, for the amount due to him for such labor, material, fixtures or machinery  *   *   *."

The supreme court of Kansas, in construing this identical statute, in *Bethell v. The Chicago Lumber Company,* 39' Kans. 230, 17 Pac. 813; says:

"The language used in this statute is broad enough to include all contracts, made by the husband or wife of the owner of the property for the purchase of material, ,or the erection of improvements thereon, and when a contract is made, and the material furnished or improvements made, the party making or furnishing such improvements is entitled to a direct lien against the property. It is true the husband might contract for the material as a contractor, in such manner that the person furnishing material ·thereunder would be entitled only to a subcontractor's lien; but, when material is furnished under such circumstances, there ought to be some knowledge conveyed to the party furnishing the material of the existence of such contract.  Where the husband of the owner of the property purchases material, which the statute provides he may do, the person furnishing the material under such a contract may presume, and he has a right to do so, that it is furnished to the husband of the wife, to be charged to her and upon her property, and· has a right to file a lien to secure its payment.  The findings show that the plaintiffs, defendants in error, had no knowledge of any contract by and between Annie Bethell and' her husband in relation to the erection of these improvements.  The want of this knowledge continued until after the time had expired in which a subcontractor's lien could have been filed against' the property.  It is true that a person dealing with an agent must at his peril know the rights of the agent in the premises; and, if this contract had been made with any person

other than the husband, this lien could not be upheld; but as the husband, under the law, has the right to contract, this rule cannot be applied to this case. The parties can rely upon the presumption that they are not dealing with the husband as agent, but as owner, under the statute. If the claim of the defendants can be upheld, then the way is left open for great wrongs and frauds to be perpetrated. A contract is entered into between husband and wife. No disclosure is made of the extent of that contract. Material is furnished. Afterwards, when the time for filing a subcontractor's lien has expired, a contract is produced under which the building was erected; the wife receiving the benefit of the transaction, and the husband and wife thereby defeating the lien law."

The findings of fact of the referee, as well as the evidence, entitled the plaintiff to a lien upon the property, and bring the case clearly within the letter and spirit of our statute.

It follows that the court erred in rendering a personal judgment against the plaintiff in error. The judgment of the district court is hereby modified to that extent.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., dissenting; all the other Justices concurring.