MELLON v. FULTON.

No. 2122, Okla. T.   Opinion Filed November 23, 1908.

(98 Pac. 911.)

1. PLEADING—Joinder of Counts—Suit for Services Rendered. In a suit on account for services rendered, where there is more or less uncertainty as to the grounds of recovery, there may be properly joined in the petition a count upon express contract and a count upon quantum meruit, and the question of granting or overruling a motion to require plaintiff to elect upon which count he will stand is addressed to the sound legal discretion of the court.

2. APPEAL AND ERROR—Conflicting Evidence—Finding of Referee. Where the question of whether a professional employment was general or special was by the referee decided upon conflicting evidence, this court will not interfere with the finding.

3. ATTORNEY AND CLIENT—Action for Services—Evidence. Where an attorney under the terms of his general employment debars himself from employment by others whose interests are antagonistic to those of his client so employing him, such service is a proper item of charge in a suit for services rendered under such general employment.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by M. Fulton against T. P. Mellon. Judgment for plaintiff. Defendant brings error. Affirmed.

On February 12, 1904, M. Fulton, defendant in error, plaintiff below, sued T. P. Mellon, plaintiff in error, defendant, below, in the district court of Oklahoma county, on open account for professional services rendered in the sum of $782.90, a copy of which is filed with. his petition, which contains two counts, the first being upon an express contract and the second upon *quantum meruit*. On May 7, 1904, defendant filed motion to require plaintiff to elect upon which count he would stand, alleging the same to be inconsistent, which said motion was overruled by the court

and exceptions saved. On November 2, 1904, defendant filed answer, in effect a general denial and set-off, evidenced by open account, alleged to be due from plaintiff to defendant, in the sum of $88.37. On November 4, 1904, plaintiff filed reply, in effect a general denial, and on May 12, 1905, by leave of court, defendant filed supplemental answer to plaintiff's petition, claiming a set-off in all the sum of $124.01 in full liquidation of plaintiff's claim. After supplemental reply, to wit, on May 4, 1905, on motion of plaintiff, the cause was referred to a referee "with full power to hear and determine all the matters in controversy between the parties and make his finding, his conclusions of law and conclusions of fact, and report the proper judgment to the court," which he subsequently did, and which the court on April 2, 1906, after overruling defendant's exceptions thereto, approved and entered judgment in favor of plaintiff and against the defendant in the sum of $673.63, together with costs, from which said judgment defendant appealed and prosecuted the same by petition in error and case-made to the Supreme Court of the territory of Oklahoma, and the same is now before us for review.

*Harris & Wilson*, for plaintiff in error.
*M. Fulton & Selwyn Douglas*, for defendant in error.

TURNER, J. (after stating the facts as above). The first error assigned is that the court erred in overruling the motion to require plaintiff to elect upon which cause of action stated in his petition he would stand. It is urged in support of this contention that, as the first count declares upon an express contract and the second upon a *quantum meruit*, they are inconsistent, and for that reason the court should have required the election. We do not think so. It is a familiar rule of pleading that when the plaintiff has two or more separate reasons for the obtainment of the relief sought, or when there is more or less uncertainty as to the grounds of recovery, the petition may set forth a single claim in more than one count. 5 En. Pl. & Pr. 321. Accordingly it has been expressly held in a large number of cases that a *quantum meruit* count may

be joined· with a count founded on express contract. See Id. 324; *Ware v. Reese,* 59 Ga. 588; *Wilson v. Smith,* 61 Cal. 209; *Hawley v. Wilkinson,* 18 Minn. 525 (Gil. 468); *Wagner v. Nagel,* 33 Minn. 348, 23 N. W. 308; *Plummer v. Mold,* 22 Minn. 15; *Manders v. Craft,* 3 Col. App. 236, 32 Pac. 836—where this is held to be the rule, although the Code provides, as in this jurisdiction, that the petition shall contain a statement of the facts constituting the cause of action in ordinary and concise language, without unnecessary repetition, and that the question of overruling or sustaining such a motion is within the sound discretion of the court. That being the case, as we see no abuse of discretion in the action of the court in overruling the motion, we cannot say the court erred in so doing.

Plaintiff's account sued on, which does not contain many forgotten items of proper charge, contained, among other items, the following charge:    "Retainer Fee December 1, 1898, to December 1, 1903, $300.00"—which was allowed by the referee in his report, as follows:

"I further find that in consequence of the conversation had by and between the plaintiff and .defendant on the 1st day of December, 1898, that the plaintiff was given the right to believe that he was restrained up to the 1st day of December, 1903; a retainer consisting, as it does, of giving the party retaining rights to expect professional service of the party retained in all respects. It binds the person retained not to take a fee from any one against the party retaining, to do nothing except what he is asked to do, and that when a party places an attorney in a position in which he, as such attorney, is deprived from taking litigation against or giving advice against the party so retaining him, he is entitled to be paid therefor, all of which T. P. Mellon did in this case, and M. Fulton so acted and rendered services.    And I further find that such retainer fee was reasonably worth the sum of sixty dollars per year, and did continue for five years, and the same is allowed in the sum of three hundred dollars."

Which was excepted to by the defendant for the reason:

"That there is no legal evidence presented in this record establishing a contract for a retaining fee between plaintiff and

defendant for the period found by the referee; that such contract is by the statute of frauds required to be in writing, signed by the party to be charged, because being a contract not to be performed within a year."

The court overruled the exception, and this is the next assignment of error.

As the findings of the referee upon the facts have the effect of a special verdict or a jury, and will not be set aside by this court unless clearly against the weight of the evidence. (*Erisman v. Kerwin*, 8 Okla. 92, 56 Pac. 858), let us see if there is any testimony reasonably tending to support this part of the report. The testimony discloses that in December, 1898, defendant was a merchant just opening up his "Fair" store in Oklahoma City in a building belonging to one Pettyjohn; that he was at that time having some trouble with Pettyjohn over some goods and fixtures in said store; that plaintiff was a lawyer occupying offices above the store; that plaintiff was called on to assist defendant in the matter, at which time defendant retained plaintiff, in effect, to assist not only in that, but in all matters of a legal nature that might arise in the future, and said to plaintiff that he would tell his manager to come to plaintiff for his assistance from time to time as his services might be required, and requested plaintiff to attend to the business, all of which he agreed to do; that there was no contract in writing between them, and nothing was said at any time about the amount plaintiff was to receive for his services, or how long the arrangement was to continue, but he was given to understand that he was generally retained in a professional way; that pursuant to the said understanding, from that time up to the date of the last item of the account sued on (some five years) defendant and those in his employ consulted plaintiff regularly; that he represented defendant in a number of matters in and out of court, always with the understanding from the beginning of the retainer that he would not advise or receive employment from others against defendant's interests; that during that time the account sued on accrued for services thus rendered, in which said

account plaintiff made the charge complained of, and in support thereof showed to the referee, as stated, and that his services on this general retainer were reasonably worth $60 per year, or $300 for the five years he so served defendant. As defendant admits that beginning December, 1898, he did employ plaintiff, and agreed to pay him a fee in the various cases as they might arise from time to time, but denies that he retained him generally or as regular counsel, the question of whether the employment was a general or special one was settled by the referee on conflicting evidence in favor of the former, and we do not feel disposed to interfere with the finding. That being the case, we do not see why the items should not constitute a proper charge.

It goes without saying that an attorney is as free to make any contract with his client on the subject of compensation for his services as is any other individual. Or, as said by Cooley, J., in *Detroit v. Whittemore*, 27 Mich. 280:

"The employment of counsel does not differ in its incidents, or in the rules which govern it, from the employment of an agent on any other capacity or business."

In the absence of express contract, as in this case, he is entitled to what the services are reasonably worth. The referee, in effect, found, and correctly, that plaintiff was entitled to compensation, beyond the actual itemized services rendered, for debarring himself by implied agreement from accepting employment from others when their interests were antagonistic to those of defendant; that such was contemplated in the retainer, and that defendant was bound to compensate him for it in such sum as such service was reasonably worth.

That such is a proper item of compensation in such general employment was held in *Kelley v. Richardson*, 69 Mich. 430, 37 N. W. 514. That was a suit for professional services rendered by plaintiff, on a general employment as attorney for an executrix, extending over many years. The question before the Supreme Court on appeal was whether the testimony of the various lawyers who testified contained such elements that they could show the

value of plaintiff's services by their opinion. On this point the court, in passing, said:

"If Mrs. Richardson had come to Judge Kelley now and then, or ever so frequently, without any general employment, and asked him to-day to draw a petition or a deed or an affidavit, or to go into court and argue a single case, and no more, there would be some reason for saying that for each of these detached services he should charge a separate price, and, in case of dispute, prove its separate value. But any such practice in regard to general employment would be unreasonable and impracticable, and would be just as much so in everyday affairs as in legal affairs. * * * The employment means that he becomes professionally informed concerning private affairs of his client which he has no right to reveal, and that he has formed, perhaps on long study, an opinion concerning the right of his client, and the best remedy to enforce it. It means, further, that he debars himself from employment by any other person concerning the matter in controversy. Any standard of reward which leaves out any of these considerations would be wrong. * * * *"

*Yates v. Shepardson*, 27 Wis. 238, was a suit on an itemized account for services rendered by plaintiff on a general retainer. In the trial court it was proposed to show that plaintiff was entitled to recover $1,000 per annum as an annual counsel fee from 1853 to 1868, inclusive, in consequence of this general retainer, and for advice given where no charge had been made and for which no bill of particulars had or could be given. On appeal the Supreme Court disallowed the item, and on a rehearing adhered to its former opinion, and, in passing, said: "What the plaintiff proposed to show was that some time in 1853 he was generally retained by the defendant, but without any price being stipulated therefor. * * * It was not proposed to show that he gave professional advice in any particular matter for which he had the right to claim the proper compensation, or that he had declined acting as counsel for others against the defendant, and thus lost the opportunity of performing services for which he might possibly have received a reasonable fee"—thereby intimating very strongly,

as we take it, that had such been shown, as was done in this case, the charge would have been a proper one.

Hence we say that under the testimony the item was a proper charge in estimating the worth of plaintiff's services under the general employment found by the referee to exist, and to have failed to regard it would have been wrong. It was not disputed that such service was reasonably worth $60 per year, or $300 for five years, charged in plaintiff's account, and, as we are of the opinion that the finding is reasonably supported by the evidence, we do not think the court erred in overruling defendant's exception to it.

As there was nothing in this arrangement to prevent either party from terminating the retainer at any time, we do not think the contract was within the statute of frauds as one not to be performed in one year, as urged by plaintiff in error. 29 Am. & Eng. Enc. of Law (2d Ed.) 952.

Among other items, plaintiff's account also contained the following charge: "December 10, 1903, mechanic's lien cases, suits in district court vs. Mellon, and mechanics' liens and legal services on lien filed, not sued, $300.00"—which was allowed by the referee as follows: "I further find that the services rendered in mechanic lien cases, suits in the district court, and mechanic liens and legal services on liens filed, on which suits was not brought, was reasonably worth the sum of $200, and allowed the same in the sum of $200,"—which was excepted to by the defendant for the reasons: (1) "That said finding is not supported by sufficient evidence, and is against the weight of the evidence. (2) That from the testimony it appears that said work was never performed by the said plaintiff, and that he, after starting the work in said cases, refused to finish it, and defendant was compelled for his own protection to employ other counsel, which he did"—and asks that plaintiff be allowed not to exceed $100 for his services in said cases. The court, however, overruled the exception, which constitutes the next assignment of error.

It is not necessary to enter into an elaborate discussion of the testimony bearing on this finding. We think it sufficient to say that it is amply supported by the evidence, which is, in short, that during the existence of this retainer defendant was engaged in the construction of a building in Oklahoma City; that his contractors became involved, and, as a consequence, several mechanics' liens were filed against the building; that one or more suits were brought to enforce the same, in which there were interventions by a number of lienholders; that plaintiff represented defendant in these suits and interventions, and pursued a policy of delay in order to bring about an adjustment of the matter; that one importunate lienholder was settled with, and other liens were in course of settlement when defendant refused to pay plaintiff anything on account for services rendered; that friction then arose between them, at which time plaintiff had a conversation with defendant over the telephone in which he asked defendant whether he wanted him to continue as his attorney in the lien cases, and was informed that he did not, and that suit was then brought by plaintiff on this account in full for services rendered. Plaintiff testified that the value of his services in these cases was reasonably worth $300. Another witness, who was a lawyer, perfectly familiar with the extent and character of the services rendered, testified that they were reasonably worth $600. The referee found and reported them to be reasonably worth $200, and we will not disturb the finding.

As these are the only items of the acccount allowed by the referee and specifically excepted to and urged as error in the brief of defendant, we are of the opinion that the court did not err in approving the report of the referee and entering judgment thereon in favor of plaintiff, and for that reason the judgment of the trial court is affirmed.

All the Justices concur.