SEAY v. ELLISON *et al.*

No. 313. Opinion Filed July 13, 1909. Rehearing Denied March 8, 1910

(107 Pac. 656.)

1.     **APPEAL AND ERROR — Findings — Conclusiveness.** A case having been referred to a referee, and his findings of fact having been confirmed by the trial court, the same will not be disturbed on review in this court, when there is evidence in the record reasonably tending to support the same.

2.     **APPEAL AND ERROR—Review—Discretion of Court—Introduction of Additional Evidence.** The plaintiff having introduced his evidence and rested his case before the referee, the defendant demurring to the evidence, which was overruled, the defendant excepting and resting his case thereon, the parties then argue and brief the questions of law and fact before the referee, who, in due time, makes his findings of fact and conclusions of law,

which are not satisfactory to the plaintiff, and thereupon plaintiff moves the referee to reopen said case and permit the introduction of additional evidence, which is overruled; the motion being renewed before the trial court, where it was likewise overruled and the findings of fact of the referee confirmed. **Held,** such questions being a matter of discretion for the referee and the trial court, the same will not be disturbed on review here, unless the record affirmatively shows an abuse of such discretion.

(Syllabus by the Court.)

*Error from District Court, Canadian County; C. F. Irwin, Judge.*

Action by A. J. Seay against T. H. Ellison and others. Judgment for defendants, and plaintiff brings error. Affirmed.

The plaintiff in error, as plaintiff, on the 22d day of June, 1905, commenced this action against the defendants in error, T. H. Ellison and J. T. Blanks, as defendants, in the district court of Canadian county, Oklahoma Territory, upon a written contract of partnership made in October, 1898, whereby the plaintiff furnished the partnership certain cattle and hogs at the cost of same to him, with ten per cent. interest thereon from the date the same were purchased by said plaintiff, including expenses, and also money to furnish feed for same. The defendants were to care for, superintend, feed, buy, and sell such stock as was handled by the partnership. The defendants were to be equal partners with the plaintiff; that is, they were to give their notes from time to time for one-half of all purchases and expenses chargeable to the partnership, the notes to bear ten per cent. interest per annum and to be paid out of the sales. Losses were to be shared equally; that is, one-half by the plaintiff and the other one-half by the defendants.

Issues were joined upon said contract by the averment that the plaintiff had complied therewith by furnishing the partnership with money, cattle and hogs; that said business had been conducted up to August 15, 1899, at which time the parties met and an accounting was taken thereof. Upon the calculations made at that time the parties ascertained that there was due the

plaintiff by the defendants the sum of $9,175.12; that after a few days it was discovered that a mistake was made in the figures, and that the note should have been given for $9,552.30; that the business of the partnership continued until August, 1900, at which time it was ascertained that there was due the plaintiff from the defendants on account of the transactions growing out of the partnership business the sum of $1,569.67.

Defendants admitted the written contract, and the compliance of the plaintiff with the terms thereof, and the execution of the note for $9,175.12, but denied that there was any mistake in the amount that was due at the time the note was executed; they further denied that the partnership business was carried on until August, 1900, and fixed the time as May, 1900, alleging that on said date a final settlement was had and the partnership dissolved, and disposition made of the property. They further admitted that at that time they owed plaintiff the sum of $827.00, and pleaded statute of limitations.

After the referee had made his findings, holding that said partnership was dissolved in May, 1900, and that therefore the action was barred by the statute of limitations, in due time the attorneys for the plaintiff in error moved the referee to set aside the findings of fact, and permit the introduction of additional testimony, in the affidavit stating that the plaintiff was misled by the holding of the referee during the trial and was thereby prevented from introducing such evidence, as shown by the 'motion to which the affidavit was attached.

*Noffsinger & Hinch,* for plaintiff in error.

*J. G. Lowe, Lucius Babcock,* and *R. B. Forrest,* for defendants in error.

WILLIAMS, J. The referee found, as findings of fact:

(a) "Both the plaintiff and defendants plead that a settlement was made in the latter part of April, or early May, 1900, and that it was then orally agreed that the defendants should have until the 1st of August, 1900, in which to pay the amount found to be due. The plaintiff avers it was $1,569.67 found to

be due, and the defendants aver that it was $827 found to be due. No evidence was presented to the referee upon this issue. The plaintiff testified that no settlement had ever been made. The latter testimony was in support of the averment made in his third amended petition that no such settlement had been made, while in his original, first, and second amended petitions all averred to the contrary. In each of the three, the original. the first, and the second amended petitions, the plaintiff fixed the time of the settlement alleged to have been made as on the 1st of August, 1900. Your referee, therefore, both from the inconsistent pleadings and the testimony of the plaintiff, finds that no settlement was ever made and no agreed statement of account ever rendered between the parties."

(b) "This action was commenced by the filing of the original petition in the office of the clerk of the district court on the 22nd day of June, 1905. It purported to be an action for money due upon an account stated, and in each of the first three petitions, the original, the first, and the second amended petitions, the plaintiff adhered to this position. In the third amended petition his action becomes one for an accounting."

(c) "On page 2 of his third amended petition, the plaintiff states: 'That some time during the year 1900 the defendants furnished to plaintiff statements and items for the purpose of using such memoranda as a basis on which to base a settlement of the partnership affairs, but that ever since the furnishing of such data the defendants have refused to settle up the partnership affairs.' Your referee finds that this was the same statement referred to in paragraphs 6, 7, and 8 hereof, and was so furnished on March 12, 1900."

(d) "Both parties agree in their pleadings that there was an oral agreement between them that the amount due the plaintiff from the business might be paid on the 1st of August, 1900, but at no time was there ever an agreement of any kind as to what the amount was."

Conclusions of law:

"(2) Plaintiff cannot maintain his action for the reason that more than five years elapsed between the time the cause of action arose and the date when he commenced it."

From the evidence in the record, all the partnership property was disposed of, and the proceeds paid over to the plaintiff.

The amount claimed to be due the plaintiff from the defendants was not the fruits of the partnership business, in the nature of a trust fund, but an alleged liability that arose by virtue of the contract in favor of the plaintiff from the defendants for their one-half of the capital or advancement for such purpose by the plaintiff, to be paid out of the proceeds of the business; the defendants becoming liable for one-half of the losses, in the event there were any. There appears to have been a loss.

Had the defendants originally furnished their one-half of the capital in the partnership, there would have been no liability growing out of such partnership from the defendants to the plaintiff. But the plaintiff having advanced for defendants their portion of the capital under the partnership agreement, and all the assets having been disposed of prior to June, 1900, the referee finding that the partnership was dissolved and all the partnership assets disposed of prior to that time, and there being testimony reasonably tending to support such finding, which was approved by the trial court, the same will not be disturbed by this court. *Mellon v. Fulton*, 22 Okla. 636, 98 Pac. 911, 19 L. R. A. (N. S.) 960; *Town of Sapulpa v. Sapulpa Oil & Gas Co.*, 22 Okla. 347, 97 Pac. 1007.

The other question is one of error alleged to have been committed by the referee in refusing to reopen the case after it had been closed, and to permit the plaintiff to introduce additional testimony. This was a question calling for the exercise of discretion, not only on the part of the referee, but also by the trial court, and their action in the matter will not be disturbed by this court, unless it affirmatively appears from the record that there has been an abuse thereof. It not affirmatively so appearing, this court will not disturb their action. *Miexell v. Kirkpatrick*, 33 Kan. 282, 6 Pac. 241; *Oberlander v. Confrey*, 38 Kan. 462, 17 Pac. 88; *West v. Cameron*, 39 Kan. 736, 18 Pac. 894.

The judgment of the lower court is affirmed.

All the Justices concur, except Kane, C. J., not participating.